HOWARD *v.* THE STATE.

WITNESS.—*Impeachment.—Previous Contradictory Statements.—Code.*—Where a witness in a criminal case testifies contrary to what the party calling him had the right to expect, he may be cross-examined by such party as to what he had stated in regard to the matter on former occasions, for the purpose of refreshing his memory and giving him an opportunity to set the matter right, if he will, and to set the party introducing him right before the jury, but not for the purpose of discrediting the witness. Nor is such party allowed to prove such previous contradictory statements if denied by the

witness. The provision of the code (section 244) authorizing such impeaching evidence in civil cases does not apply to trials in criminal cases.

APPEAL from the Howard Circuit Court.

ELLIOTT, J.—Howard was convicted on an indictment for grand larceny.

The property charged to have been stolen consisted of a quantity of sugar and coffee, which were taken from the depot in Kokomo.

Soon after the larceny, a similar amount of sugar and coffee was found concealed in a barrel in a back of the house occupied by the accused; and there was evidence identifying the sugar as that stolen from the depot.

The family of the accused consisted of himself, his wife, his mother, and five children, the eldest being nine years of age.

The State introduced as a witness Matilda Howard, the mother of the accused, who testified that she knew the sugar and coffee were in the barrel in the back room of the defendant's house, but said she did not know who brought them there, and denied having told Kroh and Becktel, after the defendant was arrested, that they were brought there by the defendant and one John Patterson. The State thereupon introduced Kroh and Becktel as witnesses, who, over the objection of the accused, were permitted to and did testify, that said Matilda, at the time referred to, did tell them that the defendant and Patterson brought the sugar and coffee to the house of the defendant. This was error. By the common law, the general rule is, that the party who introduces a witness thereby gives him credit, and will not be permitted afterwards to impeach him by evidence of bad character, or by proof of previous statements contradictory to those sworn to on the trial. But it seems that where the witness testifies contrary to what the party introducing him had the right to expect, he may be cross-examined by such party as to what he had stated in regard to the matter on former occasions, and thus refresh the memory of the witness, and give him the opportunity to set the matter right

if he will, and, at all events, to set the party introducing him right before the jury; but not for the purpose of discrediting the witness. Nor is the party allowed to prove such contradictory statements, if denied by the witness. 15 Q. B. 878; 1 Greenl. Ev. § 442 to 444 a. inclusive. Such impeaching evidence is authorized in civil cases by section 244 of the code (2 G. & H. 172); but that provision does not apply to trials in criminal cases. *Quinn* v. *The State*, 14 Ind. 589.

A question is made on an instruction given by the court to the jury, and on the refusal of the court to give certain instructions asked by the defendant, which need not be further noticed than to say that we think the action of the court in that respect was correct.

The instructions given by the court stated the law of the case, as applicable to the evidence, fully and fairly, to the jury.

Judgment reversed, and the cause remanded to the circuit court for a new trial.

The clerk will issue the proper order to the Warden of the State Prison.

*C. N. Pollard* and *M. Bell*, for appellant.

*D. E. Williamson*, Attorney General, for the State.