## THE STATE v. BLOOM.

CRIMINAL LAW.—*Proof of Character as a Defence.*—Where the defendant in a criminal prosecution introduces evidence of his good character, as a defence, the evidence should be limited to that particular trait of character having relevancy to the crime charged.

SAME.—*Larceny.*—*Honesty.*—Proof of character, as a defence in a prosecution for larceny, should be confined to the defendant's character for honesty.

From the Allen Criminal Circuit Court.

*T. W. Woollen,* Attorney General, and *S. M. Hench,* Prosecuting Attorney, for the State.

*S. E. Sinclair* and *H. C. Hanna, Jr.,* for appellee.

WORDEN, J.—The appellee was indicted in the court below, for larceny, and, upon trial, was acquitted.

On the trial, the defendant was permitted to prove, as part of her defence, and over the exception of the prosecuting attorney, that her general moral character or reputation, in the neighborhood in which she lived, was good, the prosecuting attorney insisting that the evidence should be confined to the defendant's general reputation in the neighborhood in which she lived, for honesty and integrity.

The State brings the case here for the purpose of settling the question of law involved.

The code has provided, that " In all questions affecting the credibility of a witness his general moral character may be given in evidence." Code, section 242.

The word " character," used in the above provision, was used, we suppose, in the sense of reputation; and, under the provision, it would seem that the reputed general moral character of a witness may be shown, without being confined to his general reputation for truth and veracity. And, if the above provision were applicable to criminal cases, an analogy might, perhaps, be drawn from it, considering the general spirit of the legislation, that would justify the application of the same rule to defendants

in making proof of good character as part of their defence. But it was held, not long after the passage of the code, in the case of *Quinn* v. *The State*, 14 Ind. 589, that section 244 of the code, on the same general subject, providing how a party may impeach his own witness, was not applicable to criminal cases. The same point was again decided in the case of *Howard* v. *The State*, 32 Ind. 478.

We can see no reason for the application of one of the above noticed sections of the code to criminal cases, that does not apply with equal force to the other. More recently it has been decided, that section 242 is not applicable to criminal cases. *Fletcher* v. *The State*, 49 Ind. 124. See, also, *Farley* v. *The State*, 57 Ind. 331.

The question involved must be decided, then, upon general principles of law, for we are aware of no statute which controls it. It may be observed that the terms "general character" and "general moral character" are frequently used in the books, not as embracing every trait of character, or one's character in every particular, but as excluding particular facts of conduct. Thus, a standard author says: "The enquiry, too, must be confined    *    *    * to the general character of the prisoner, and must not condescend to particular facts." 1 Taylor Ev., sec. 326.

General character is shown by general reputation, and not by the particular facts of one's life; but the general reputation may well be confined to the particular traits of character that are supposed to render, to some extent, the commission of the crime charged improbable. The author above quoted, in the same paragraph, says:

"In all cases, too, when evidence is admitted touching the general character of the party, it ought manifestly to bear reference to the nature of the charge against him; as, for instance, if he be accused of theft, that he has been reputed an honest man;—if of treason, a man of loyalty."

This seems to be the doctrine of all the books. Thus, in 1 Greenl. Evidence, section 54, it is said, that, "in all cases, when evidence is admitted touching the general character of the party, it ought manifestly to bear reference to the nature of the charge against him." And in the third volume of the same work, section 25, it is said that "The evidence, when admissible, ought to be restricted to the trait of character which is in issue; or, as it is elsewhere expressed, ought to bear some analogy and reference to the nature of the charge: it being obviously irrelevant and absurd, on a charge of stealing, to inquire into the prisoner's loyalty; or, on a trial for treason, to inquire into his character for honesty in his private dealings."

We make the following extract from the opinion of the Supreme Court of California, in the case of *The People* v. *Fair*, 43 Cal. 137, 148. The court says:

"Mr. Phillipps, in his work on Evidence, expresses the true rule upon this subject, and which will be found to accord with the current of judicial decisions, and the opinions of the text writers upon the law. He says: 'On a charge of stealing it would be irrelevant and absurd to inquire into the prisoner's loyalty or humanity; on a charge of high treason, it would be equally absurd to inquire into his honesty and punctuality in private dealings. Such evidence relates to principles of moral conduct, which, however they might operate on other occasions, would not be likely to operate on that which is alone the subject of inquiry. It would not afford the least presumption that the prisoner might not have been tempted to commit the crime for which he is tried, and is, therefore, totally inapplicable to the point in question.' Page 490.

"It is apparent that if such an inquiry must, upon objection by the prosecution, have been excluded for mere

irrelevancy, had the prisoner sought to introduce it on her own behalf, the same rule should have rejected it when tendered by the prosecution itself."

We deem it unnecessary to multiply authorities upon this point, but we may observe that it was said in the case of *Fletcher* v. *The State, supra,* that, "when the purpose was to inquire into the character of the defendant, the inquiry was generally limited to that trait of character which had some relevancy to the question in issue."

We may observe, before closing this opinion, that, if a defendant, when put upon trial for an alleged crime, has a right to prove his good character in all respects and in all its traits, without limitation to the traits supposed to render the commission of the crime improbable, and gives such evidence, it would seem to follow that the State would then have a right to attack that character in as broad a sense as that in which it was sustained by the evidence given by the defendant. The State would have the right, in other words, to disprove the case made by the defendant as to character, in all its parts. Nothing occurs to us that the defendant may prove by way of defence, which the State may not disprove. Hence, if, on the trial of a woman for larceny, she legally gives evidence of her general good character, without limitation, that evidence would include good character as to chastity, veracity, etc., as well as honesty. The State, it would seem, could then attack the case made by her in all its parts, and show that her general character for chastity, veracity, etc., as well as honesty, was bad. The law does not contemplate the raising of such irrelevant issues.

We are of opinion that the court erred in not limiting the defendant's evidence of character to her reputation for honesty and integrity.

The appeal is sustained, at the costs of the appellee.