[No. 20874.  In Bank.— March 11, 1892.]

THE PEOPLE, RESPONDENT, v. ELISHA COWGILL, APPELLANT.

EVIDENCE — GOOD CHARACTER OF UNIMPEACHED WITNESS. — Evidence is not admissible to prove that the character of a witness for truthfulness is good, unless the opposite party has tried to impeach him by showing that his general reputation is bad.

CRIMINAL LAW — HOMICIDE — EVIDENCE — GENERAL REPUTATION OF DEFENDANT. — In the prosecution of a defendant for murder, an offer by the defendant, who is a witness in his own behalf, to prove by other witnesses that his reputation for truth, honesty, and integrity is good is properly denied by the court, where his character has not been questioned by the prosecution, and there is no offer to prove good reputation for the traits of character involved in the crime charged.

ID. — COMPARATIVE WEIGHT OF DEFENDANT'S EVIDENCE — MODIFICATION OF INSTRUCTION ASKED. — Upon the trial of a defendant charged with murder, an instruction to the jury, asked by the defendant, to the effect that the defendant was a competent witness, and that it was the duty of the jury to weigh, examine, and take his testimony into consideration, "the same as it does the testimony of all the other witnesses in the case," is properly modified by striking therefrom the words "the same as it does the testimony of all the other witnesses in the case."

ID. — REASONABLE DOUBT — REQUESTED INSTRUCTIONS GIVEN ELSEWHERE. — It is proper to refuse instructions requested by the defendant upon the subject of reasonable doubt upon the ground that they are given elsewhere, if the charge contains all that is correct in the instructions asked.

ID. — MODIFICATION OF REFUSED INSTRUCTION. — A modification of a refused instruction upon the subject of reasonable doubt is immaterial, if it was properly refused, either with or without the modification.

ID. — INSTRUCTION AS TO WEIGHT OF EVIDENCE — PROVINCE OF COURT. — It is not the province of the court to instruct the jury about the weight of evidence; and an instruction asked by the defendant, that unless the jury disbelieved the testimony of the defendant, the weight of testimony tended to prove that his act was not criminal, is properly refused.

ID. — INSTRUCTION AS TO MATTER OF FACT — FRIENDSHIP OF DEFENDANT
WITH DECEASED. — An instruction asked by the defendant, to the effect
that "the testimony in the case does show that the defendant and the
deceased were old and particular friends of many years," and directing
the jury as to what "bearing on the case" such friendship should have,
is properly refused, as stating the result of evidence which it is the duty
of the jury, and not of the court, to arrive at.

APPEAL from a judgment of the Superior Court of
Placer County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Jo Hamilton,* and *G. W. Hamilton,* for Appellant.

*Attorney-General Hart, Deputy Attorney-General Layson,
A. K. Robinson,* and *L. L. Chamberlain,* for Respondent.

McFARLAND, J. — The appellant was convicted of
murder in the second degree, and appeals from the
judgment, and from an order denying a new trial. One
of the points made for reversal relates to a ruling made
by the trial court with respect to the admissibility of
certain evidence, and the others relate to instructions
given and refused.

1. It appears from the statement that at a certain
stage in the trial the appellant, "in the absence of the
jury," offered to introduce before the jury, "upon their
return into court," certain named witnesses, and "to
prove by each of said witnesses that he is well acquainted
with defendant, and has known him intimately for many
years; that each of them is well acquainted with his
reputation for truth, honesty, and integrity, and that it
is good; that they would give him full faith and credit
upon his oath in any case." The court, upon objection,
"excluded said testimony, and refused to permit the jury
to hear the same," and appellant excepted. Assuming
that there was anything before the court to rule on, the
ruling was clearly right. Appellant did not offer to
prove good reputation for the traits of character in-
volved in the crime charged. It is true that appellant
was a witness in his own behalf; but evidence is not

admissible to prove that the character of a witness for truthfulness is good, unless the opposite party has tried to impeach him by showing that his general reputation is bad.

2. The points made with respect to instructions to the jury all relate to instructions asked by defendant, and refused or modified by the court. The instructions so asked, and numbered 2, 3, 4, and 16, deal with the subject of reasonable doubt, and were refused because "given elsewhere"; and upon turning to the general charge of the court to the jury, we find that it sufficiently covers that vexed subject, and contains all that is correct in the said instructions asked by appellant. It seems that the court, for some reason, struck out of said second instruction the word "entirely" before refusing it; but as it was properly refused with that word either in or out, striking it out was of no consequence.

The ninth instruction asked by appellant was as follows: "The defendant has offered himself in his own behalf. The court charges you that the defendant is a competent witness in this case, and it is the duty of the jury to weigh, examine, and take into consideration the testimony of the defendant, and give it due consideration, the same as it does the testimony of all the other witnesses in the case. If consistent and convincing, act upon it. If it raises in the minds of the jury a reasonable doubt of the defendant's guilt, he is entitled to the benefit of the reasonable doubt." The court struck out the words "the same as it does the testimony of all the other witnesses in the case," and then gave the instruction as thus modified. We see no error in this for which the judgment should be reversed. The instruction as given is as favorable to appellant as he was entitled to have it. It has been held here frequently (and it is too late now to reopen the question) that it is not improper for the court to call the attention of the jury, as was done in this case, to the circumstances under which a defendant in a criminal case testifies, — the inducements, temptations, etc., which surround him,—but nothing of

that kind is suggested in the said instruction asked by appellant, and the words stricken out were inconsistent with the general charge on the subject, and would probably have tended toward leading the jury to believe that they were not to consider his surroundings, but were to receive his testimony as if he occupied exactly " the same " position as that of disinterested witnesses.

The eleventh instruction asked was properly refused. It contains this clause: " The court instructs you that unless you disbelieve the testimony of the defendant, the weight of the testimony tends to prove that the act of the defendant was not criminal "; and such an instruction would have been erroneous, for, under our system, it is not the province of the court to instruct about the weight of evidence.

The thirteenth instruction asked was also properly refused. It contains a conclusion of the court that " the testimony in the case does show that the defendant and deceased were old and particular friends of many years," and is thus objectionable, as stating a result of evidence which it was the duty of the jury, and not of the court, to arrive at. It then directs the jury as to what " bearing on the case " this friendship should have, — that is, in effect, what weight it should have with the jury. Now, if this was a legitimate subject, for instruction at all, the court in its general charge had already said all that was proper to be said on the subject, in this language: " If the evidence shows that the defendant and the deceased were warm personal friends, this fact may be considered by you in connection with the other evidence in the case in deliberating on your verdict." But courts are to instruct only as to matters of law; and it is difficult to see how the questions whether a man is less likely to murder his friend than his enemy, or whether, on the other hand, it is more reprehensible to murder a friend than an enemy, etc., are questions of law.

The foregoing are all the points argued by appellant. We have examined the evidence, and find that it justified

the verdict; and there are no reasons for disturbing the judgment.

The judgment and order appealed from are affirmed.

DE HAVEN, J., PATERSON, J., SHARPSTEIN, J., HARRISON, J., and GAROUTTE, J., concurred.