### THE STATE v. JAMES BRADY.

Submitted July 9, 1904—Decided November 7, 1904.

In the prosecution of criminal offences the state does not assert a private right, or maintain an individual interest, in any such sense as to be affected or bound by hearsay statements of him who has been the victim or object of the criminal act. There is no such legal identity or privity between the person so situated and the state as to render admissions made by him competent evidence in behalf of the party charged with the commission of the crime.

---

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff in error, *Charles C. Black.*

For the state, *William H. Speer,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Brady was indicted and convicted for carnal abuse of one Ida Williams, a girl under the age of sixteen years. The principal ground alleged for reversal is that there was error in the ruling of the trial judge in excluding a conversation, called for on the cross-examination of Benjamin Murphy, the chief of police of Jersey City, which he had with the Williams girl, and which, presumably, if it had been permitted to have been given, would have been contradictory of the testimony of the girl given upon the witness-stand. The conversation, however, was properly excluded for two reasons—*first.* it was not referred to in the direct examination of the chief of police and therefore was not a proper cross-examination; *second,* what was said to the chief by this girl, assuming it to have been contradictory of her testimony on the stand, was competent solely for the purpose of impeaching her credibility and could only have been put in for that purpose after calling the girl's attention to it, and this was not done. It was not competent to prove it as an admission made by her. The state, not the girl, was the party, and no admission made by her could bind the state. In the prosecution of criminal offences the state does not assert a private right, or maintain an individual interest, in any such sense as to be affected or bound by hearsay statements of him who has been the victim or object of the criminal act. There is no such legal identity or privity between the person so situated and the state as to render admissions made by him competent evidence in behalf of the party charged with the commission of the crime. *Commonwealth* v. *Densmore,* 94 *Mass.* 538.

For the latter reason the conversation of the Williams girl with Patrolman Barry, and which was overheard by the witness Lancton, was also properly excluded.

It is contended on behalf of the plaintiff in error that the trial judge erred in excluding certain questions asked of one Archibold, a witness produced on the part of the defence, with relation to the reputation of the defendant. The witness was the vice president of an iron company of which the defendant was an employe. The first question overruled was this: "Do you know what his [the defendant's] general reputation for morality and chastity is?" Objection was made on behalf of the state and the question was excluded. No exception, however, was taken to the ruling, and as the case comes up on strict bill of exceptions and not under the statute of 1898 the ruling is not properly here for consideration.

The next question asked was: "Do you know what his [the defendant's] reputation is among his fellow-workmen as to his chastity and morality?" This question was objected to, overruled and exception taken and allowed. In our judgment it was properly excluded, for the reason that it was too narrow. The defendant was entitled to give evidence as to his reputation in the community in which he lived for chastity and morality but not his reputation among a selected number from such community.

The next question asked the witness was this: "Do you know what his [the defendant's] reputation is in the community in which he lives and works?" This question was overruled on objection and exception taken and allowed. We think it was properly overruled, because it was too broad; it calls for his general reputation and not his reputation as to chastity and morality.

The only other assignment of error is directed to the charge of the court to the jury, but our examination of the charge discloses no error in it.

The judgment should be affirmed.