CHARLES WISTRAND

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 23, 1905—Rehearing denied December 13, 1905.*

1. RAPE—*when manner of proving the venue is not prejudicial error.* Permitting the People to prove the venue, in a prosecution for rape, by girls who testified they were under fourteen years of age and had often been to the defendant's room and that it was in Cook county is not prejudicial error, as tending to impress the jury that the defendant had been guilty of improper conduct with them, there being no attempt to prove that fact.

2. SAME—*when confession of guilt is properly admitted.* A written confession by one accused of rape, in which he stated that he had on various occasions had sexual intercourse with the prosecutrix and another girl also under fourteen years of age, is properly admitted in evidence, where the jury are instructed to disregard all evidence of the offense as to the latter girl and consider only that applicable to the charge in the indictment.

3. SAME—*when proof of reputation as a peaceable citizen is not admissible.* In a prosecution for rape, where the accused is allowed to prove his general reputation for chastity, it is not error to refuse to admit proof of his general reputation as a peaceable and quiet citizen, his reputation in that respect not being in issue.

4. APPEALS AND ERRORS—*when judgment of conviction will not be reversed.* Where the evidence of the defendant's guilt is undisputed and there is nothing to show that he did not have a fair trial, a judgment of conviction on a verdict which, under the evidence, could not have properly been other than guilty, will not be reversed for errors not contributing to the conviction.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

CHARLES P. R. MACAULAY, and EDWIN A. & OSCAR D. OLSON, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN J. HEALY, State's Attorney, and JAMES J. BARBOUR, for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The plaintiff in error was convicted in the criminal court of Cook county of the crime of rape upon one Annie Kaplan, a girl thirteen years of age, and his punishment was fixed at imprisonment in the penitentiary for the term of one and one-half years. To reverse that judgment this writ of error has been sued out.

The only errors assigned are, that the court erred in denying the motions for a new trial and in arrest of judgment, and in pronouncing sentence. Many grounds of reversal are called to our attention, but under these general assignments of error, and the indefinite manner in which the points are urged, it is impossible to consider each of them separately. The substantial grounds of reversal are the improper admission of testimony and the giving of erroneous instructions.

The evidence is to the effect that the offense was committed in the room of plaintiff in error in the second flat of a residence building which he owned in the city of Chicago. He used the basement of the building for a carpenter shop. The first floor was rented for residence purposes and the second was occupied by himself, he being a bachelor without family. A young girl by the name of Eva Goldstein testified she was in the adjoining room at the time the crime was committed, and she corroborated the prosecuting witness, Annie Kaplan.

After his arrest, and while at the police station, the defendant made a written statement, in which he acknowledged having had sexual intercourse, on various occasions,

with both the Kaplan girl and the Goldstein girl. It is not claimed that this statement was not freely and voluntarily made, but it is contended that so much of it as relates to the Goldstein girl should have been excluded. The statement was, as shown above, in writing, and it would have been impossible to separate the part of it objected to from that which referred to the crime charged. To refuse to admit a part of the confession would have been practically to exclude it all. The court, by an instruction, told the jury to disregard all evidence of other offenses and only consider that which was applicable to the charge in the indictment. There was no error in admitting the confession.

It is said that in his opening statement to the jury the prosecuting attorney told the jury that he expected to prove by several little girls under fourteen years of age that they had been, over and over again, to see the defendant at his house, and that this proof would be offered for the purpose of proving that the premises were situated in Cook county. Several young girls were introduced as witnesses, and testified, over the objection of the defendant, that they were under fourteen years of age; that they had been at defendant's house on several occasions and that the house was in Cook county. It is argued that the statement to the jury and the testimony of these girls constituted prejudicial error to the defendant, as tending to impress the jury with the belief that he had been guilty of improper conduct with those witnesses. The method resorted to to prove the venue was improper. There was nothing in the testimony of the girls, however, which tended in any way to prove that which counsel contend the jury might have inferred. It did not prove, nor did counsel attempt to prove by either of them, that the defendant had been guilty of any improper conduct with them or other children, or that he had been guilty of other offenses than the one charged in the indictment.

The defendant sought to introduce evidence of his general reputation as a peaceable and quiet citizen, but the evi-

dence was objected to and the objection sustained. He was not entitled to prove his reputation for an entirely irrelevant trait of character. He was allowed to prove his general reputation for chastity, and that was the only fact which he offered to prove tending in any way to disprove his guilt of the crime charged.

It is further urged that the court erred in giving and refusing instructions to the jury, but no specific objection in this regard is pointed out. We have examined the instructions given and refused, and are of the opinion there was no material or substantial error in the ruling of the court therein.

If, however, it should be conceded that the court below committed error in each of the matters complained of, except the admission of the confession, still the judgment should not be reversed. The undisputed evidence in this record is that the defendant is guilty of the crime for which he was indicted. His confession of guilt is in no way explained nor the offense in any way mitigated. There is nothing here shown to indicate that he did not have a fair and impartial trial. The verdict of the jury could not properly have been other than guilty.

It cannot be seriously urged that the punishment is excessive. Under such circumstances this court will not reverse a judgment of conviction although errors may have been committed upon the trial which cannot be said to have brought about the result. *Jennings* v. *People,* 189 Ill. 320; *Johnson* v. *People,* 202 id. 53, and cases cited; *Barber* v. *People,* 203 id. 543; *Glover* v. *People,* 204 id. 170.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*