HENRY M. BRADY, RESPONDENT, v. THE FRANKLIN SAVINGS INSTITUTION OF NEWARK, APPELLANT.

Argued June 6, 1905—Decided November 13, 1905.

> The plaintiff acquired an interest in mortgaged premises after a final decree on foreclosure of the mortgage, and thereupon made a payment to the solicitor of the mortgagee on account of interest, costs and sheriff's fees. No credit was made for this payment, and upon a subsequent sale of the mortgaged premises the mortgagee was paid the full amount of the decree. Thereafter the plaintiff applied to the Court of Chancery for surplus money, and his share was decreed to be paid to him. In a suit against the mortgagee to recover the amount paid its solicitor—*Held*—
> (1) That the failure to credit the payment upon the final decree entitled the plaintiff to recover as for money had and received.
> (2) That the application of the plaintiff to the Court of Chancery for surplus money did not estop him from such recovery.

On appeal from Second District Court of Newark.

Before Justices DIXON and SWAYZE.

For the defendant and appellant, *Edwin A. Rayner* and *Alexander Grant*.

For the plaintiff and respondent, *Frederic M. P. Pearse*.

The opinion of the court was delivered by

SWAYZE, J. This action was for money had and received. The money had been paid by the plaintiff to the solicitor of

the defendant—then the complainant in a foreclosure suit—on account of interest, costs and sheriff's fees. The mortgaged premises were at the time advertised for sale. The plaintiff had acquired an interest in the property after the final decree. Six months after this payment by the plaintiff the property was sold for more than enough to pay the amount of the decree, and the full amount of that decree, with interest and costs, was paid to the present defendant, without any credit for the money paid by the plaintiff. Subsequently the plaintiff filed a bill in chancery to secure reimbursement out of the surplus money for all that he had paid on account of the purchase of the property. To this bill he made the sheriff and one Zubler, who was jointly interested with him in the property, parties. The defendant was not a party. The decree adjudged that the defendant was entitled to one-ninth of the surplus money and Zubler to the balance. The District Court judge found as a fact that the money paid to the solicitor was not directly involved, nor was the same disposed of in the chancery suit. Judgment was rendered in the District Court for one-ninth of the money paid, and the defendant appealed.

The only legal question presented by the state of the case is the admissibility of a letter from the plaintiff's attorney to the solicitor in the foreclosure suit, notifying him not to pay over the money to any person claiming the same. This was objected to as immaterial, and upon the further grounds that it was written by a stranger to the defendant, and that it showed no reason for the claim in that there was only one fund and that fund was then impounded in the Court of Chancery, subject to its adjudication.

As to the first objection, it is enough to say that if the evidence was immaterial, no harm was done to the defendant by its admission. *Justice* v. *Davis, 59 Atl. Rep.* 6.

Since the state of the case fails to show that the defendant made any other complaint of the conduct of trial, we are not required to examine the questions argued in the brief (*O'Donnell* v. *Weiler,* 44 *Vroom* 153), but inasmuch as the third objection to the admissibility of this letter sug-

gested a defence upon the merits, we have considered the whole case.

The situation presented is that the plaintiff paid the defendant (through its solicitor) money to be applied upon the decree of foreclosure, and that the defendant did not apply the money to that purpose. The consideration for the payment failed and the defendant retained the plaintiff's money. This fund was, by the defendant's failure to act in accordance with the intention when the payment was made, treated as a fund separate and distinct from the fund realized upon the foreclosure sale. It could not have been disposed of by the Court of Chancery on the application for the surplus money. That amount was fixed by the proceeds of sale and the amount decreed to be due. The payment by the sheriff was in accordance with the command of his writ. It is true that the amount of the surplus money would have been greater by $400 if the defendant had made the application of the money to the decree. But the defendant chose not to do so, and it was not obligatory upon the plaintiff to take proceedings in the Court of Chancery to have this credit made. He had the right to treat the decree as an outstanding decree for the full amount, and to make his application for the surplus money on that basis, without making the defendant a party. The defendant then held money of the plaintiff which it had been authorized but failed to apply on the decree. Upon its failure the plaintiff was entitled to reclaim his money. The court below allowed him to recover only one-ninth of the amount, evidently upon the theory that Zubler was interested to the extent of eight-ninths. She would have been so interested if the defendant had applied the money as was contemplated at the time of its payment, but until that application was made she had no interest in this fund. The plaintiff has not appealed, and as there is no error harmful to the defendant, the judgment must be affirmed, with costs.