[Crim. No. 659. Second Appellate District, Division One.—September 30, 1919.]

## THE PEOPLE, Respondent, v. GEORGE A. FOX, Appellant.

[1] CRIMINAL LAW—EMBEZZLEMENT—INSTRUCTIONS.—It is the duty of the court in charging the jury to state to them all matters of law necessary for their information; and in this prosecution an instruction that "If you find from the evidence beyond a reasonable doubt that the defendant did, on or about the date charged in the information, fraudulently appropriate the moneys of" the complaining witness "after said moneys had been intrusted to him and that said moneys were appropriated to a use or purpose other than that for which such property was intrusted to him, you should find the defendant guilty of embezzlement as charged in the information," was a correct statement of the law, and clearly applicable to the theory of the prosecution as shown by the testimony of the complaining witness.

[2] ID.—PROSECUTION ON TWO DIFFERENT CHARGES—EVIDENCE ESTABLISHING EITHER ADMISSIBLE.—Where a defendant is charged in one count with the embezzlement of a given sum of money and in a second count with larceny of a like sum, any testimony tending to establish the essentials of either offense is proper.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

John L. Richardson, Charles E. Williams and T. E. Parke for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

SHAW, J.—By the first count of an information filed against defendant he was charged with the embezzlement of $5,106,25; and by a second count therein he was charged with larceny of a like sum.

The trial resulted in his conviction of embezzlement, as charged in the first count, and his acquittal of the charge contained in the second count.

Judgment sentencing him to prison followed, from which and an order denying his motion for a new trial he has appealed.

Appellant complains of an instruction given to the jury as follows: "If you find from the evidence beyond a reasonable doubt that the defendant did, on or about the date charged in the information, fraudulently appropriate the moneys of Mrs. Anna G. Walters after said moneys had been intrusted to him and that said moneys were appropriated to a use or purpose other than that for which such property was intrusted to him, you should find the defendant guilty of embezzlement as charged in the information." While conceding this instruction correct as an abstract proposition of law, he insists that it was not applicable to the case, for the reason that defendant admitted the receipt of the money, which, according to his own testimony, was, with the consent and approval of the complaining witness, diverted from the purpose for which it was originally intrusted to him. The evidence of the prosecution, however, was to the effect that defendant by fraud and deceit induced the complaining witness to convey her property to him in order that he, as her agent, might to better advantage sell and dispose of the same, the proceeds of which sale he was to pay over and deliver to her, and that upon obtaining title to the property, consisting of a valuable orange grove, he exchanged it for an apartment house, the title to which was taken in his name, in addition to which he received thirteen thousand dollars in cash, and thereafter sold the apartment house for the sum of $5,106.25, all of which latter sum he appropriated to his own use and refused to pay the same to his principal. It is true that defendant admitted the receipt of the money and, as to the charge of embezzlement, based his defense upon the ground, as shown by his own testimony, in contradiction of that of Mrs. Walters, that she consented to his use thereof for a purpose other than that originally agreed upon, and likewise

true that, at his request, the court, as applicable to such testimony, instructed the jury as follows: "If you believe from the evidence that Anna G. Walters voluntarily and of her own free will spent the $5,106.25 described in the information, either on the defendant, or on herself, or on both of them, or if you believe that she voluntarily did so and that in either event she did not expect or intend to receive said moneys back again, or if she gave the money to him as a loan, or if you entertain a reasonable doubt in respect to the foregoing propositions, then I instruct you it is your duty to acquit the defendant." [1] It was the duty of the court "in charging the jury . . . to state to them all matters of law necessary for their information." (Pen. Code, sec. 1127.) The instruction complained of was a correct statement of the law, and clearly applicable to the theory of the prosecution as shown by the testimony of the complaining witness.

[2] It is also claimed that the court erred in its rulings upon the admission of testimony not pertinent to the charge upon which defendant was convicted. Conceding that some of the testimony complained of was improperly admitted in the prosecution of the charge of embezzlement, it was nevertheless competent as tending to prove the charge of larceny for which defendant was prosecuted, and to which a large part of the testimony claimed to have been erroneously admitted was directed. As shown by the record, the means whereby defendant obtained the money was a fraudulent scheme well calculated to deceive a weak-minded woman, and rob her of the property. Any testimony tending to establish the essentials of either offense was proper. As said by Mr. Underhill in his work on Criminal Evidence, section 88: "If several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme." As clearly appears from the voluminous transcript, covering upward of one thousand three hundred pages, the successful conduct of the fraudulent transaction in which defendant was engaged covered a period of several months, during which time he committed acts con-

stituting other offenses than those charged. Such acts, however, were connected with and committed as part of, and in furtherance of, the larceny and embezzlement, on which charges he was tried.

To our minds, an examination of the entire record leaves no doubt as to defendant's guilt, and had the rulings complained of been otherwise, the jury must have necessarily reached a like verdict; hence in no event can it be said there was a miscarriage of justice.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.