[Crim. No. 863. Second Appellate District, Division Two.—May 29, 1922.]

THE PEOPLE, Respondent, v. JOSE ROMERO, Appellant.

[1] CRIMINAL LAW—MURDER—EVIDENCE—REPUTATION FOR TRUTH.—In this prosecution for murder, the court properly refused to permit character witnesses to state the defendant's reputation for truth, honesty, and integrity.

[2] ID.—CROSS-EXAMINATION OF WITNESS—ERRONEOUS RULING—LACK OF PREJUDICE. — Error in overruling an objection to a question asked a witness on cross-examination is without prejudice where the question is asked and answered without objection in another part of the cross-examination.

[3] ID.—AMENDMENT OF REPORTER'S TRANSCRIPT—OMITTED MATTER.— An amendment of the record of the daily transcript of testimony to supply some language which the reporter has omitted is proper, and being a matter entirely within the court's own knowledge, it is not necessary to call witnesses in respect thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Orfila & Orfila and Robert J. Adcock for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

CRAIG, J.—Defendant appeals from a judgment upon a verdict of guilty of murder in the second degree and from an order denying his motion for a new trial. The evidence substantially establishes the following among other facts: On a Saturday night and Sunday morning a dance was given at the house of Emilio Duran, at Lankershim. The members of the party consumed a considerable amount of intoxicating liquor and on Sunday morning, as the dancers were leaving, a dispute arose between one Reza and one Dalgado. During the difficulty, which appears to have been more or less of a free-for-all fight, Emilio Duran received a knife wound from which he shortly afterward died. The defendant was observed by witnesses brandishing a knife at

the door of the Duran home at which time he made the statement that he would permit no one to leave the house. This was shortly preceding the time that the deceased was stabbed. It was testified also that the defendant stabbed Juan Duran, the father of the deceased, and another party named Escarziga.

[1] It is not contended that the evidence was insufficient to sustain the verdict, but the appeal is based upon several alleged errors, first of which is that the court restricted the testimony of character witnesses, refusing to permit them to state the defendant's reputation for truth, honesty, and integrity. This ruling by the court was a proper one. (*People* v. *Cowgill*, 93 Cal. 596 [29 Pac. 228], and *People* v. *Fair*, 43 Cal. 137.)

[2] Maria Salisado was called as a witness on behalf of the defendant. On cross-examination she was asked whether or not, upon a certain occasion subsequent to the killing, her mother did not tell her that Jose Romero took a large knife with which he used to kill hogs to the dance. This was objected to upon cross-examination and the objection was overruled. The witness answered the question. It cannot be said that the court's ruling upon this was prejudicial, even though erroneous, because almost the identical question was asked in another part of the cross-examination and an answer permitted by the defendant without objection. This question was as follows: "Did not your mother state, in your presence, on the 23d of August, 1921, the time which I have mentioned, that Jose Romero took the knife which he had in the house and used to kill hogs to the dance with him that night?"

[3] It is urged that the court erred in allowing an amendment of the record of the daily transcript of testimony to supply some language which the reporter had omitted. The matter was one entirely within the court's own knowledge, the evidence having been received in its presence, and it was not necessary to call any witnesses to testify concerning the matter before the order was made. The notes of the shorthand reporter and his transcript made from them are only *prima facie* evidence of the testimony. (Sec. 273, Code Civ. Proc.) It is the duty of the judge to make the record contain the language used. This was directly decided in *People* v. *Cox*, 76 Cal. 281 [18 Pac. 332],

concerning the instructions and the same principle applies to the testimony.

Objection is made to several rulings of the court on the taking of the testimony of the witness Krause. As to those pertaining to questions on direct examination, the objections urged upon appeal were not stated when the questions were asked and the court's ruling made. The same witness was called by the prosecution in rebuttal and was shown a shirt. This he testified was the one which defendant was wearing when he was arrested soon after the homicide. To this evidence objection was made that it was not proper as rebuttal. The defendant had testified that during the fight he had been wounded in several places and had bled a great deal. The shirt was offered to rebut this testimony. For that purpose it was competent and relevant. The fact, if it were one, that there were no blood stains on it, would be a matter to be weighed by the jury in determining whether or not the defendant's statements about having been injured were true. However, if it had such stains, this would, of course, corroborate his testimony.

We find no error in the record and the judgment is, therefore, affirmed.

Finlayson, P. J., and Works, J., concurred.