[Crim. No. 634. Third Appellate District.—June 24, 1922.]

THE PEOPLE, Respondent, v. H. E. THOMAS, Appellant.

[1] CRIMINAL LAW—MANSLAUGHTER—SUFFICIENCY OF INFORMATION.— An information that charges all the elements of manslaughter is not rendered defective or insufficient by reason of an allegation therein that the offense was "feloniously" committed.

[2] ID. — NEGLIGENT OPERATION OF AUTOMOBILE — KILLING OF HUMAN BEING.—In a prosecution on a charge of having run over and killed a human being while driving an automobile, a verdict of conviction of the crime of manslaughter is supported by evidence showing that defendant was driving his car on the wrong side of a prominent street intersection in a large city at one of the busiest hours of the evening and practically unable to see where he was going and that his acts resulting in the death of the deceased were committed without due caution and circumspection.

---

2. Homicide in the commission of an unlawful act, notes, 90 Am. St. Rep. 571; 4 Ann. Cas. 800; 63 L. R. A. 353.

Homicide by negligent operation of automobile, notes, 18 Ann. Cas. 239; Ann. Cas. 1914A, 684; Ann. Cas. 1918B, 1082; Ann. Cas. 1918E, 1146; 30 L. R. A. (N. S.) 458; 33 L. R. A. (N. S.) 403; L. R. A. 1918B, 954.

[3] ID.—EVIDENCE—REPUTATION FOR PEACE AND QUIET.—In a prosecution for manslaughter, where the act charged was involuntary, evidence of the good reputation of the defendant for peace and quiet is properly refused.

APPEAL from a judgment of the Superior Court of Sacramento County. C. P. Vicini, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Henry P. Andrews for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PREWETT, J., *pro tem.*—The appellant was convicted of the crime of manslaughter committed in the city of Sacramento on the evening of December 21, 1921. It is charged in the information that he "willfully, unlawfully and feloniously" committed the act.

[1] The appellant insists that, as the offense was feloniously committed, it must therefore have been malicious. Since manslaughter is an unlawful killing without malice, he argues that the information does not charge that offense. But manslaughter is clearly a felony, and to charge that the crime was "felonious" is no more than to charge that it constituted manslaughter. One of the approved definitions of the word "felonious" is given by Merriam's Webster as follows: "Felonious—Of, or pertaining to or having the quality of felony."

In the ordinary information for murder, the crime is charged as committed "feloniously, and with premeditation and malice aforethought." It is universally held that an information so charging will justify a conviction of the crime of manslaughter. This is based on the assumption that the lesser crime is included within the greater. In this case we have an information which clearly charges all the elements of manslaughter; and the appellant insists that it charges even more. So far as it exceeds the necessary requirements for manslaughter, it merely charges, to that extent, the acts necessary to constitute the crime of murder. If, therefore, an information that charges the

offense as committed with malice aforethought will sustain a conviction of manslaughter, it follows that an information which charges all the elements of manslaughter and at least some of the elements of murder, will support a conviction of the lesser crime. It is held in *People* v. *Pearne,* 118 Cal. 155 [50 Pac. 376], that the addition of more elements in charging the crime makes it none the less a crime.

Moreover, if a more strict interpretation of the word "felonious" could be justified, it is sufficient to say that the appellant was not misled by the use of the word and that section 4½ of article VI of the constitution should be invoked.

There is no pretense that the prosecution has omitted from the information any element necessary to charge the crime of manslaughter. The information is sufficient.

[2] The principal point urged in behalf of a reversal is the lack of sufficient evidence to identify the appellant as the person who committed the crime. He is charged with having run over and killed a human being while driving his auto along the streets of Sacramento on a dark and very stormy night. The evidence shows without conflict that the car which struck the deceased was driven north from L Street along Sixth toward J, and that the accident happened while the car was moving at a speed of from eight to fifteen miles per hour at the north margin of Sixth and on the wrong side thereof. The lights of the car were very dim and a very heavy rain so obscured the vision through the windshield that the driver could only imperfectly see the roadway.

The driver did not stop to render any assistance, but kept on his way toward the north. Earl Duchow was the chief witness for the people. Without his prompt and efficient action it seems probable that the driver would have escaped. Mr. Duchow immediately impounded an auto standing at the curb and pursued the fleeing car. He states that at no time did it pass out of his sight, and that when about a block from the scene of the accident the driver turned off his lights and thence drove in the dark. The witness followed the car in a devious course along Sixth to H, thence to Eighth or Ninth, thence north to about C, thence east to Eleventh, thence south to about E, at which

point the witness was enabled to recognize the number of the fleeing car. It was discovered later the same evening that this was the number of appellant's car, and guided by this, he was arrested and charged with the offense of which he was later convicted. There is no dispute that appellant's car is the one that struck the deceased. Appellant himself admits this, and in so doing he virtually admits the whole case. This admission was made in the course of the trial and in the following words:

"District Attorney: The defense will stipulate that the number of the car which struck the deceased was also the number of the car registered in the name of the defendant.

"Mr. Andrews: We admit that, your Honor."

But even if this admission was inadvertent or the record erroneous and the error not heretofore discovered, still the evidence of the identity of the appellant is abundant. His car was a Ford delivery truck and therefore much easier to follow and identify than a touring car. When arrested that evening he denied that he had been at any time that night in the vicinity of Sixth and K. On the trial he admitted that he drove up Sixth from L to I that evening. He admitted going northward and eastward for some blocks and then, without stopping to execute any mission, he turned about and drove into the southern part of the city, where his garage is located. Apparently he did not know that he was pursued or his number ascertained until the moment of his arrest. He admits that the night was dark, that his lights were burning very low, owing to the slow motion of the car, and that the rain was so heavy that he "couldn't see anything." He asserts that he felt no impact with any object, that he does not know whether or not he was on the wrong side of the street, and that he did not turn off his lights. That the appellant committed the crime of involuntary manslaughter seems to admit of no question.

"Involuntary manslaughter is of two kinds:

"1. In the commission of an unlawful act not amounting to a felony; and

"2. In the commission of a lawful act which might produce death in an unlawful manner, or without due caution and circumspection."

Appellant was driving his car on the wrong side of a prominent street intersection in a large city at one of the busiest hours of the evening and practically unable to see where he was going. The acts of the appellant resulting in the death of the deceased were committed without due caution and circumspection.

[3] The court refused to hear evidence of the good reputation of the appellant for peace and quiet. This was proper. (*People* v. *Fair,* 43 Cal. 137; *People* v. *Roberts,* 6 Cal. 214; *People* v. *Cowgill,* 93 Cal. 596 [29 Pac. 228].) The act charged was involuntary and therefore involved no element of peace or quiet. The appellant was permitted to show that he was a careful driver.

The objection to the form of the judgment is untenable. The judgment conforms strictly to the requirements of the statute. Even if the form of the judgment were open to cavil, the only result would be that the case would be remanded for a further sentence.

The judgment and order denying appellant's motion for a new trial are affirmed.

Finch, P. J., and Burnett, J., concurred.