[Crim. No. 639.   Third Appellate District.—November 27, 1922.]

## THE PEOPLE, Respondent, v. JOHN McMILLAN, Appellant.

[1] JURIES AND JURORS—CHALLENGE FOR CAUSE—DENIAL OF—EXHAUS-TION OF PEREMPTORY CHALLENGE—APPEAL.—Alleged error of the trial court in denying a challenge interposed to a juror on the ground of actual bias will not be reviewed on appeal, where the record on appeal shows that the juror was subsequently challenged peremptorily by defendant and, although he thereafter challenged other jurors and exhausted his ten peremptory challenges, it does not appear that any juror who served on the trial was unsatisfactory to defendant.

[2] CRIMINAL LAW—RAPE—EVIDENCE—REPUTATION—INSTRUCTIONS.—In a prosecution on a charge of rape, where no element of force or violence is involved in the charge and no attempt has been made to impeach defendant as a witness, evidence of defendant's reputation for truth, honesty and integrity and for peace and quiet is not admissible; and it is not error to refuse an instruction proposed by the defendant to the effect that such evidence is pertinent to the issue of guilt or innocence.

[3] ID.—TESTIMONY OF PROSECUTRIX—WEIGHT AND CREDIBILITY—IN-STRUCTIONS.—In such prosecution the trial court, in instructing the jury as to the weight and credibility to be given the testimony of the prosecuting witness, having correctly instructed them that if such testimony created in their minds a satisfactory conviction and belief, beyond a reasonable doubt, of the defendant's guilt, it was sufficient of itself without corroborating circumstances or evidence to justify a verdict of guilty of rape, the further statement, "If this were not the rule it is quite clear that many offenses of this character would go unpunished," though argumentative, could not have influenced any juror.

———

2. Fact that witness' testimony is contradicted by opposing testimony as warranting introduction of evidence of his reputation for truth and veracity, note, 12 L. R. A. (N. S.) 364.

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas H. Selvage and E. S. Selvage for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant appeals from the judgment of conviction herein of the crime of rape upon a girl of the age of fourteen years and from the order denying his motion for a new trial.

[1] Appellant contends that the court erred in denying defendant's challenge for cause interposed to one of the jurors on the ground of actual bias. The juror was subsequently challenged peremptorily by defendant. He thereafter peremptorily challenged other jurors and exhausted his ten peremptory challenges, but it does not appear that any juror who served on the trial was unsatisfactory to defendant. The facts are similar to those in the case of *People* v. *Schafer*, 161 Cal. 573, 576 [119 Pac. 920, 921], where it is said: "While the record shows that the defendant did subsequently exhaust his ten peremptory challenges, it does not appear that he had occasion or desire to use an additional peremptory challenge, or that each and all of the twelve jurors finally accepted and sworn were not entirely satisfactory to him. . . . This is not enough to warrant reversal for error in the ruling on the challenge for cause." To the same effect is the holding in *People* v. *Kromphold*, 172 Cal. 512 [157 Pac. 599]. In view of the authorities cited it is unnecessary to decide whether the ruling was error.

[2] The court sustained objections to evidence of defendant's reputation for truth, honesty and integrity and for peace and quiet. No element of force or violence was involved in the charge and no attempt had been made to impeach defendant as a witness. Appellant argues that, since the defendant squarely contradicted the testimony of the prosecutrix, the evidence offered was highly important to show that he was worthy of belief. The reputation of a

witness for truth, however, cannot be supported by such evidence until it has been challenged by evidence produced by the party against whom he has testified. Evidence of his general reputation for traits of character involved in the charge against him may, of course, be given, but the evidence offered did not relate to such traits. The traits of character involved in a charge such as this are virtue, chastity and morality. . (*State* v. *Snover,* 63 N. J. L. 382 [43 Atl. 1059]; *State* v. *Brady,* 71 N. J. L. 360 [59 Atl. 6]; *State* v. *Thompson,* 58 Utah, 291 [199 Pac. 161].) Evidence of general reputation for peace and quiet is not admissible. (*Wistrand* v. *People,* 218 Ill. 323 [75 N. E. 891]. See, generally, *People* v. *Fair,* 43 Cal. 138; *People* v. *Burke,* 18 Cal. App. 72 [122 Pac. 435]; *People* v. *Romero,* 58 Cal. App. 31 [207 Pac. 933]; *People* v. *Thomas,* 58 Cal. App. 308 [208 Pac. 343]; *State* v. *Bloom,* 68 Ind. 56 [34 Am. Rep. 248].) The court refused to give an instruction proposed by the defendant to the effect that evidence of the nature offered to establish the good character of defendant was pertinent to the issue of guilt or innocence. Under the foregoing authorities, it is clear that the ruling was not error.

[3] The court gave the following instruction:

"You are instructed that it is your province to determine the weight and credibility to be given the testimony of a female upon whom it is alleged in an information that a rape has been committed, and who testifies to the facts and circumstances of such rape as of any other witness testifying in the case. And if such testimony creates in the minds of the jury a satisfactory conviction and belief, beyond a reasonable doubt of the defendant's guilt, it is sufficient of itself without other corroborating circumstances or evidence to justify a verdict of guilty of rape upon the trial of the case. If this were not the rule, it is quite clear that many offenses of this character would go unpunished."

With the exception of the last sentence thereof, the instruction has been often approved and it correctly states the law. The last sentence is not a statement of law but of a mere commonplace, or truism within the knowledge of all jurors. The district attorney, in his argument to the jury, doubtless made the same statement and its truth is self-

evident. While the statement may be said to be argumentative, it is highly improbable that any juror was influenced thereby.

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.