[Crim. No. 1005.    Second Appellate District, Division One.—October
29, 1923.]

## THE PEOPLE, Respondent, v. BURR RABBIT, Appellant.

[1] Criminal Law—Rape—Testimony of Prosecutrix — Corroboration Unnecessary to Conviction.—In a prosecution for rape it is not essential to a conviction that the testimony of the prosecuting witness be corroborated by other evidence.

[2] Id. — Exhibition of Child to Jury — Evidence — Absence of Error.—In such prosecution, no error was committed by the trial court in permitting the illegitimate child of the prosecutrix to be exhibited to the jury, where the prosecutrix and defendant were both of the colored race, and the former had testified that she never had sexual relations with any person other than the defendant, whereas the defendant had testified that he had found the prosecutrix in an automobile on just one occasion with a white man at about 12 o'clock at night.

[3] Id.—Testimony of Child—Proper Admission of.—In such prosecution, the trial court did not err in permitting the six year old brother of the prosecutrix to testify, or in refusing to strike out his testimony, which related to one of the acts of intercourse which occurred prior to the one charged in the information; and the fact that the child was unable to fix the date was not sufficient to exclude such testimony.

[4] Id.—Province of Trial Judge.—In such prosecution, it was the proper province of the trial judge to determine whether the child was capable of receiving just impressions of the facts or of relating them truly.

[5] Id.—Competency of Witness—Remarks of Trial Judge—Prejudice not Shown.—In such prosecution, a statement by the trial judge made in the presence of the jury that he had examined the six year old brother of the prosecutrix quite carefully, "particularly with a view as to whether he was competent to testify as to what he saw and as to whether he would answer intelligently and truthfully," did not constitute prejudicial error where the court, after counsel took exception to such remarks "on the proposition that you examined him and found him to be truthful," disavowed any intention to state whether the jury should believe the boy or not and made it clear that he was ruling only on the mat-

---

1. Necessity and sufficiency of corroboration of prosecutrix in prosecution for rape, notes, 6 Ann. Cas. 771; 17 Ann. Cas. 413; Ann. Cas. 1913D, 660.

ter of his competency, and then particularly instructed the jurors that they were the sole judges of the facts and of the testimony of said witness.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. C. Dorris for Appellant.

U. S. Webb, Attorney-General, for Respondent.

CONREY, P. J.—By information the defendant was charged with the crime of felony, to wit, rape, in that on or about November 16, 1922, in the county of Kern, he committed an act of sexual intercourse with and upon a certain named female person under the age of sixteen years, and not then and there the wife of the defendant. Having been convicted and sentenced upon that charge, he appeals from the judgment and from the order denying his motion for a new trial.

Appellant contends that the judgment should be reversed because the only evidence of the commission of the offense on the day charged is that of the complaining witness, and because there is no evidence of penetration, and because there is no evidence to show that no marriage ceremony had been performed between the defendant and the prosecuting witness. We have read the evidence. We deem it not necessary to set it forth in this place. The prosecuting witness, a girl fifteen years old, testified in general terms that, at the time and place stated, sexual intercourse between herself and the defendant did occur, and that she herself was not and never had been married. Sufficient details were shown in the testimony, and there was no contention that the statements of the witness did not cover the essential facts of sexual intercourse.

[1] It was not essential to a conviction that the testimony of the prosecuting witness be corroborated by other evidence. (*People* v. *Akey*, 163 Cal. 54 [124 Pac. 718]; *People* v. *McMillan*, 59 Cal. App. 785 [212 Pac. 38].) The fact that she made contradictory statements at other

times prior to the trial, and even during the course of the trial, affects only the weight and credibility of her testimony. Nevertheless, since the jury believed that part of her testimony upon which the conviction rests, it is not for this court to take the place of the jury and set aside the verdict because, perchance, we might not have believed the testimony of the witness.

Appellant contends that the court erred in allowing the illegitimate child of the prosecuting witness to be exhibited to the jury; and that the court erred in permitting her six year old brother, Albert Rabbit, to testify. The evidence established the fact that the illegitimate child was born in March, 1923. The prosecutrix had testified that a series of acts of intercourse had occurred between herself and the defendant beginning in July, 1922. At another time she said that they began in June, 1922, fixing the date by the fact that it was before the close of the school term in June. The evidence of these acts prior to November 16, 1922, was received only for the purpose of establishing a guilty knowledge and criminal intent, and the jury was so instructed. Upon the point that the court erred in permitting the district attorney to exhibit the said child before the jury, counsel relies upon *People* v. *Soto,* 11 Cal. App. 436 [105 Pac. 422], where the court expressed the opinion that the rule permitting the admission of evidence of other acts as tending to sustain the main allegation, in a case of this kind should not be extended so as to include the right to "produce and exhibit before the jury a child born of some of the collateral acts of intercourse six or more months removed from the act constituting the offense."

The record does not directly show the basis of the court's ruling in this matter in the present case. We infer that it was allowed because the prosecutrix had testified that she never had such relations with any person other than the defendant, whereas the defendant had testified that along about July he had found the prosecuting witness in an automobile with a white man at about 12 o'clock at night. He did not produce any further evidence in support of that apparent innuendo. He further stated that that was both the first and the last time that this man took the girl out, "because he left here the next morning." The defendant and his stepdaughter, the prosecuting witness, were of the

colored race. **[2]** On this state of the record, we are of the opinion that the court did not err in permitting the child to be exhibited to the jury. Moreover, there is nothing to show that the defendant was prejudiced thereby.

**[3]** The court did not err in permitting the six year old child Albert to testify, or in refusing to strike out his testimony, which related to one of said acts of intercourse which occurred prior to November. The fact that the child was unable to fix the date is not sufficient to exclude such testimony. He clearly and intelligently stated the circumstances as observed by him. **[4]** It was the proper province of the judge to determine whether the child was capable of receiving just impressions of the facts or of relating them truly. (Code Civ. Proc., sec. 1880, subd. 2; *People* v. *Stouter,* 142 Cal. 146, 151 [75 Pac. 780].)

**[5]** Finally, it is claimed that the judge of the trial court committed prejudicial error in that he stated in the presence of the jury that he had examined the boy Albert quite carefully, ''particularly with a view as to whether he was competent to testify as to what he saw and as to whether he would answer intelligently and truthfully.'' Thereupon, counsel having taken exception to the remarks of the court ''on the proposition that you examined him and found him to be truthful,'' the court disavowed any intention to state whether the jury should believe the boy or not and made it clear that he was ruling only on the matter of his competency. He then particularly instructed the jurors that they were the sole judges of the facts and of the testimony of said witness. Under these circumstances, we are satisfied that the point attempted to be made by appellant with reference to this matter is without merit.

The judgment and order are affirmed.

Houser, J., and Curtis, J., concurred.