[Crim. No. 2058. Second Appellate District, Division Two.—May 6, 1931.]

THE PEOPLE, Respondent, v. ROBERT EMMONS, Appellant.

Joseph A. Ball for Appellant.

U. S. Webb, Attorney-General, and James· S. Howie, Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellant was convicted by a jury of the crime of manslaughter. He was also charged with having driven an automobile while under the influence of liquor, and the information further alleged that he had previously served a sentence for a felony. Under instructions of the trial court the jury found him not guilty of the second offense. A motion for a new trial thereafter presented was denied. He appealed from the judgment and from the ruling last mentioned.

The grounds of appeal consist of objections that the verdict and judgment were unwarranted—in that the acts or omissions proved did not amount to lawful acts unlawfully committed nor to unlawful acts as contemplated by the Penal Code—and that the court erred in instructing the jury.

Appellant's testimony as to the occurrence was, substantially, that, accompanied by a Mrs. Hazel N. Dunn in the front seat of his automobile, and by two other persons in the rear seat, he drove from Long Beach toward Venice on the night of October 17–18, 1930; that because of a heavy fog he turned back. He swore that during their return Mrs. Dunn drove, and that he sat on the right-hand

side of the car; that shortly before they arrived in the city of Long Beach Mrs. Dunn complained that the machine was increasing speed, and that she could not control it; that he had previously had difficulty with the throttle, which would become set and fail to release, and that he understood the cause of the irregularity; that he took hold of the steering-wheel, which she relinquished, and was attempting to "get under the wheel" to exchange seats with her as the lights of another car appeared before them, his machine struck it slightly, was unable to make a turn in the road, and left the highway, running against a tree. He swore that immediately preceding this unavoidable acceleration in speed his car was traveling not more than twenty miles per hour, but that he was familiar with the boulevards in that vicinity and had upon other occasions successfully driven forty miles an hour upon them. It is strenuously argued that this evidence furnished a complete case of accident due to defective apparatus which the defendant used utmost care to avert. However, one witness called by the People testified that while driving upon the same thoroughfare his machine was struck by the defendant's car running "right straight across in front", thence off the roadway, and against the tree; that he observed the other automobile, and that Emmons was driving it. Officers testified that the defendant made statements to the effect that it was very foggy, and that he had once stopped and wiped his windshield. All of the witnesses capable of observation swore that he was driving thirty-five to forty miles an hour. While the defendant was positive in his testimony that he was steering the car from the right-hand side and was attempting to "get under the wheel", but was prevented from so doing by a dog which Mrs. Dunn had placed between them, all of the other evidence tended to controvert such statements. None of the witnesses saw a dog, and a Mrs. Brown who rode in the rear seat, although neither friendly nor unfriendly to the defendant, but "perfectly neutral", swore positively that she did not at any time see anyone else at the wheel, that "Emmons was driving all right", and that she had no recollection of Mrs. Dunn having a dog. Another witness saw the defendant emerge from the left-hand side of the machine immediately after the crash, and testified that Mrs. Dunn was pronounced dead. There was evidence that

both Emmons and Mrs. Dunn were large persons, weighing about two hundred pounds each, and that it would have been physically impossible for them to have exchanged seats, much less for the defendant to have gotten "under the wheel" as he portrayed the occurrence.

We are convinced that the jury, returning the verdict which they did, must have believed that appellant was personally driving his car on a foggy night at a rate of speed so excessive as to be in disregard of due caution and circumspection constituting the commission of an act which produced death in an unlawful manner. The province of the jury is not within the scope of inquiry at this stage of the proceedings. (*People* v. *Thomas,* 58 Cal. App. 308 [208 Pac. 343].)

■ It is insisted that the evidence received upon the charge of intoxication, admitted in support of the second count, must be said to have influenced the jury in arriving at the conclusion indicated by their verdict. There was ample evidence to warrant a conviction in the absence of testimony upon the second count of the information. But even though the court was of the opinion that the evidence tending to show intoxication on the part of the defendant was not sufficient to warrant a conviction under that count, and so stated to the jury, this does not indicate that such evidence was wholly unworthy of belief. Evidence of even slight intoxication would be admissible if it was evidence of any other fact or circumstance in the transaction, and would have been competent had the information originally been confined to the first charge. (*People* v. *Fox,* 43 Cal. App. 399 [185 Pac. 211]; *People* v. *McGrath,* 94 Cal. App. 520 [271 Pac. 549].)

■ Criticisms of the instructions given by the court may be summarized as conjectures upon the jurors' method of reasoning. It is argued that because they were not advised as to the law of proximate cause and as to the degree of care required, they may have been permitted to overlook these factors. The defendant requested no instructions, but the trial court instructed them upon general principles governing the issues presented, such as the law of reasonable doubt, circumstantial evidence, credibility of witnesses, etc. In such a case, especially in the absence of any request for instructions, as to the definition of the term "proximate

cause'', or as to the degree of care required, it is not error for the court to forego the preparation and giving of instructions as to these matters. (*People* v. *Collins*, 195 Cal. 325 [233 Pac. 97].)

The judgment and order denying a new trial are affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.