[Crim. No. 1081.   Department Two.—March 26, 1904.]

THE PEOPLE, Respondent, v. J. H. KOLLER, Appellant.

CRIMINAL LAW—INCEST—SUFFICIENCY OF INFORMATION—SCIENTER.—An information for incest committed by a father with his daughter need not affirmatively charge that at the time of the alleged act of incestuous intercourse the defendant knew that the prosecutrix was his daughter.   The statute creating the offense is entirely silent as to any *scienter;* and in such case it is sufficient to state the offense in the language of the statute.

EVIDENCE — CORROBORATION OF ACCOMPLICE — SUPPORT OF VERDICT. — Where the jury were instructed that the testimony of the prosecutrix was not alone sufficient to convict, and were instructed fully on the subject of corroborating evidence, their verdict of guilty necessarily found that the corroborating evidence was sufficient; and the testimony of officers and neighbors to whom the prosecutrix had complained of her father's treatment of her, and who secreted themselves after dark about the defendant's home to detect him, and testified to matters which substantially corroborated the prosecutrix, is sufficient corroboration to support the verdict.

ID.—EVIDENCE OF PRIOR AND SUBSEQUENT ACTS—CONTINUOUS ILLICIT RELATIONS—DISPOSITION—CORROBORATION.—Where a particular incestuous act was selected as the basis of prosecution, evidence both of prior and subsequent incestuous acts not too remote in time, when tending to show a continuous illicit relationship between the parties, is admissible as evidence of an incestuous disposition, and as corroboration of testimony introduced to prove the specific act charged.

ID.—EVIDENCE OF PATERNITY—CONFLICTING EVIDENCE.—Evidence besides that of the prosecutrix that she was the daughter of the defendant, showing that at the date of her birth the defendant and her mother were married, and that she had always borne his name, and had lived as a member of the family up to the arrest of the defendant, was *prima facie* sufficient evidence of paternity to sustain a verdict of guilty, notwithstanding conflicting testimony for the defense tending to overcome the presumption of legitimacy from cohabitation of the parties.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

F. H. Thompson, C. P. Huey, and F. W. Allender, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

LORIGAN, J.—The defendant was convicted of the crime of incest, and from the judgment and an order denying his motion for a new trial, he appeals.

As grounds for reversal he urges:—

1. That the court erred in overruling his demurrer to the information. His complaint on this ground is, that the information should have affirmatively charged, that at the time the alleged act of incestuous intercourse took place, the defendant knew that the prosecutrix was his daughter. This claim is untenable.

Our statute declares that "Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void . . . who commit fornication or adultery with each other are punishable," etc. (Pen. Code, sec. 285.)

Under such a statutory definition of incest no such allegation of knowledge is necessary. The section is entirely silent as to any *scienter*. It is only when the statutory definition contains the words "knowing," or "knowingly" that such an allegation is required. Where it does not, it is only necessary to follow the ordinary rules of criminal pleading prevailing in this state, and charge the offense in the language of the statute. (Bishop on Statutory Crimes, sec. 729.)

2. It is next insisted, that there was no sufficient corroboration of the testimony of the prosecutrix. The court instructed the jury, that the prosecutrix was an accomplice in the commission of the offense charged; that the defendant could not be convicted on her testimony alone; that her testimony must be corroborated by other evidence, and fully and clearly, further instructed them, as to the rule of corroboration. By returning a verdict of guilty, the jury necessarily found that the evidence adduced, applied under the instruction of the court, sufficiently corroborated her testimony. The corroborating evidence relied on by the prosecution for that purpose, consisted, mainly, of the testimony of officers and

neighbors of the defendant, to whom the prosecutrix had complained of her father's treatment of her, and who secreted themselves, after dark, about the defendant's home to detect him. They testified to matters which it is unnecessary to set forth. It was substantial evidence which was believed by the jury, and was sufficient for corroborative purposes.

3. While the prosecutrix was upon the stand, and after she had testified to incestuous intercourse with the defendant on September 21, 1902, the date alleged in the information, the prosecution announced that it would select that date, and rely upon the offense charged to have been committed thereon, for a conviction of the defendant, and then proceeded to introduce evidence of prior acts of incestuous intercourse, and a subsequent intended act of similar intercourse between the prosecutrix and the defendant, for the avowed purpose of showing the illicit relations and mutual, continuous, incestuous disposition of the parties, and as corroborative testimony relative to the specific act upon which it elected to secure a conviction of the defendant.

No point is made on this appeal as to the evidence of the prior acts concerning which evidence was introduced, but it is insisted that the court erred in admitting evidence as to a subsequent intended act of illicit intercourse.

The evidence in this regard was, that on the night of December 23, 1902, defendant required the prosecutrix to come from her room upstairs and occupy his bed with him in a room on the lower floor. This she did, but immediately after she got in bed with him, defendant heard some noise, which he attributed to another daughter coming downstairs, and told the prosecutrix to return to her room, which she did.

It was claimed on the oral argument of this case by the attorney-general that no exception was saved by the defendant to the admission of this evidence. This is a mistake. Seasonable objections and exceptions were made, and taken, when the witnesses Lacey and Wallis were called for the purpose of corroborating the prosecutrix on this point, and so the question is fairly presented.

It is undoubtedly the general rule of law, that where a defendant is charged with a specific offense, evidence of the commission of other similar offenses is inadmissible, either as

tending to show a disposition on his part to commit such offenses, or as corroborative of the testimony directed to the proof of the specific offense for which he is on trial. This general rule, however, has its exceptions. It is now the settled rule in this state that evidence of prior acts of incestuous intercourse are admissible. (*People* v. *Stratton,* 141 Cal. 604.) And while we recognize that there is a conflict in the authorities as to the admissibility of evidence of subsequent acts, we are of the opinion that the better rule, and the one sanctioned by the weight of authority, is, that acts of improper familiarity, or illicit intimacy, or relations between the parties, subsequent as well as prior to the act charged in the information relied on by the prosecution for a conviction, are admissible as corroborative evidence, where they tend to show a continuous, illicit relationship. They are never admissible as independent substantive offenses, upon any of which a conviction can be had, and evidence of them is only admissible after the prosecution has selected some particular act of a date certain, and has elected to rely on proof of such act for a conviction of the defendant, and has introduced evidence tending to support the selection. It is only after such a definite selection is made, that all parties can intelligently understand whether evidence offered applies to the specifically selected offense, or to prior or subsequent acts, or that the court can properly determine whether the evidence of such prior, or subsequent acts, is of sufficient importance or significance to go to the jury at all, or whether it is admissible in point of time as not being too remote, and particularly so that the court may limit and restrict, by its rulings and instructions, the consideration of the jury to the sole point to which such evidence is relevant, namely, corroboration of the testimony introduced to prove the commission of the one specific selected offense.

As we have said, the authorities are not harmonious as to the admissibility of such subsequent acts, but we understand the better rule to be, that where the crime charged involves sexual intercourse by consent, evidence of other subsequent like offenses between the parties, is admissible within the rule of election, as above indicated, to prove that the parties are adulterously, incestuously, or lasciviously inclined. Not to prove distinct offenses, or continuous criminality, but as cor-

roborative evidence tending to support the one specific offense for which the defendant is being tried.

The only case in this state which has been called to our attention, where the point under consideration here is discussed, is that of *People* v. *Castro*, 133 Cal. 12. There, however, the justices of the Department were not agreed on the point, although the majority opinion contains the declaration that "The doctrine appears to be fairly well settled, that, in actions of adultery, seduction, etc., evidence of sexual intercourse between the parties, both before and after the particular act charged, may be introduced in evidence, as tending to sustain the main allegation."

We think this is a correct statement of the prevailing rule, and in principle applies, not only in prosecutions for adultery, but in prosecutions for all cognate offenses involving sexual intercourse by consent, including incest.

In Wharton's Criminal Evidence (8th ed., sec. 35), the author says: "In prosecutions for adultery, or for illicit intercourse of any class, evidence is admissible of sexual acts between the same parties prior to, or, when indicating continuousness of illicit relations, even subsequent to the act specifically under trial."

In his work on Statutory Crimes (sec. 682), it is said by Mr. Bishop: "At the time of the present writing, this doctrine —namely, that subsequent familiarities and adulteries between the same parties equally with the prior ones are admissible—may be deemed to be established in all our courts, as respects alike the divorce suit and the indictment."

So, too, in Underhill on Evidence (sec. 381) it is said: "Improper familiarities and adulteries between the same parties prior or subsequent to the act charged, but not too remote, or, if remote, connected with it so as to form a part of a continuous course of conduct, may be shown for the purpose of bringing out the relations and adulterous disposition of the defendant."

In *State* v. *Witham*, 72 Me. 531, the court says: "It is objected that this mode of trial involved the admission of evidence of acts of adultery happening both before and after the criminal act complained of. Formerly, the criticism might have been regarded favorably in many courts. Latterly, however, courts and text-writers are rapidly falling in

CXLII. Cal.—40

with the view that acts prior and also subsequent to the act charged in the indictment, when indicating a continuousness of illicit intercourse, are admissible in evidence as showing the relation and mutual disposition of the parties; the reception of such evidence to be largely controlled by the judge who tries the case, and the evidence to be submitted to the jury with proper explanation of its purpose and effect. We think this doctrine is most in accordance with the logic of the law and with the authorities.''

Without further citations at length, the rule announced is supported by the following additional authorities: 1 and 16 Am. & Eng. Ency. of Law, 2d ed., pp. 754 and 139, respectively; Wharton's Criminal Evidence, 8th ed., sec. 35; Wharton on Criminal Law, 8th ed., sec. 1733; 3 Rice on Evidence, sec. 537; Bishop on Statutory Crimes, sec. 682; 2 Bishop on Marriage, Divorce, and Separation, sec. 1374; Underhill on Evidence, sec. 381; *Thayer* v. *Thayer,* 101 Mass 111;[1] *State* v. *Bridgman,* 49 Vt. 212;[2] *Proper* v. *State,* 85 Wis. 629; *State* v. *Williams,* 76 Me. 481; *People* v. *Hendrickson,* 53 Mich. 526; *State* v. *Way,* 5 Neb. 283; *Commissioners* v. *Nichols,* 114 Mass. 285;[3] *State* v. *Stubbs,* 108 N. C. 774; *Baker* v. *United States,* 1 Pinn. (Wis.) 642; *Cole* v. *State,* 6 Bax. (Tenn.) 242; *Pond* v. *Pond,* 132 Mass. 223; *Lawson* v. *State,* 20 Ala. 76;[4] *Alsabrooks* v. *State,* 52 Ala. 25; *State* v. *Hilberg,* 22 Utah, 40 (dissenting opinion of Chief Justice Bartch.) For the reasons above given and under these authorities we think the evidence of the subsequent conduct of the parties was admissible.

4. Counsel for appellant claims that there was no competent evidence that the prosecutrix was the daughter of defendant. Aside from the testimony of the prosecutrix on this point, the evidence shows, that at the date of the birth of the prosecutrix, defendant and her mother were married; that the prosecutrix had always borne his name, lived with him and his wife (her mother) with the other children, all constituting one family, and such family relationship existed up to the arrest of defendant. The other children, when testifying in favor of the defendant, spoke of the members of the

[1] 100 Am. Dec. 110, and note.     [3] 19 Am. Rep. 346, and note.
[2] 24 Am. Rep. 124.               [4] 56 Am. Dec. 182.

family in such terms as to show that they understood the relationship of brothers and sisters, including prosecutrix, and father and mother, existed among them and constituted the family group. This was, at least, sufficient *prima facie* evidence to show the paternity of defendant, and to take the case to the jury. It is true that a brother of the defendant testified that prior to the time of the birth of the prosecutrix "defendant was away, but just to the exact time of my recollection I don't know how long. . . . He was away for almost a year to my recollection," also that "he always understood that the girl [prosecutrix] was not the daughter of the defendant." Defendant's sister-in-law was also a witness and testified, that prior to the birth of the prosecutrix, defendant and his wife had some domestic trouble, and he went away from home. She said: "I reckon the defendant was away from home a year. He was gone quite a while I know. This girl [prosecutrix] was born after he came home. He had not been home for long before she was born."

This testimony was doubtless offered to overcome the presumption declared by subdivision 5 of section 1962 of the Code of Civil Procedure, that "The issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate," and was the only testimony on that point offered in the case.

Under all this evidence the question of the paternity of the defendant was properly submitted to the jury, and it cannot be said that their conclusion, necessarily embraced in their verdict, that defendant was the father of the prosecutrix was not warranted.

It is claimed that some of the instructions asked by defendant should have been given. We have examined them and think they were all properly refused. They merit no special discussion. The other points urged for a reversal are noted, but we deem them untenable.

The judgment and order appealed from are affirmed.

McFarland, J., and Beatty, C. J., concurred.