[Crim. No. 723. Second Appellate District, Division Two.—July 26, 1920.]

THE PEOPLE, Respondent, v. J. T. CHRISTIAN, Appellant.

[1] CRIMINAL LAW—RAPE—EVIDENCE—SUBSEQUENT ACTS OF INTERCOURSE.—In a prosecution for the crime of rape, after the prosecution has selected the particular offense upon which it relies, and has introduced evidence in support of the charge, testimony of subsequent acts of the same nature between the parties may be received for the sole purpose of corroboration; and within these limitations proof of subsequent offenses is admissible to show the adulterous disposition of the defendant and as tending to sustain the charge alleged in the information.

[2] ID.—INSTRUCTIONS TO JURY—EFFECT OF EVIDENCE OF SIMILAR ACTS. In such a prosecution, the court having instructed the jury that the succeeding acts were to be considered only to prove the adulterous disposition of the defendant, and as having a tendency to render it more probable that the act charged in the information was committed, evidence of other similar acts, whether occurring before or after the date alleged in the information and selected by the prosecution, could be effective only to induce a belief in the probability of the truth of the main charge.

[3] ID.—LOCATION OF CALEXICO—JUDICIAL NOTICE.—An appellate court will take judicial notice of the fact that Calexico is within the limits of the state of California.

[4] ID. — OTHER SEPARATE OFFENSES — TESTIMONY OF DEFENDANT — ERROR—ESTOPPEL.—In a prosecution for the crime of rape, where the prosecution makes no reference to any other crime, but the defendant by his own testimony brings out the fact that he was arrested on the crime of child-stealing and that afterward the charged of rape was lodged against him, he cannot predicate error upon the action of the trial court in thus allowing evidence of a separate and distinct offense to be presented to the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. G. Phillips and John S. Cooper for Appellant.

U. S. Webb, Attorney-General, Arthur W. Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

WELLER, J.—Defendant was convicted of the crime of rape and appeals from the judgment and order denying his motion for a new trial.

The prosecutrix, a girl about thirteen years of age, was a schoolmate of defendant's daughter, and was in the habit of visiting his home for some months prior to the commission of the offense. On several occasions defendant asked the girl to submit to his desires, but she repeatedly refused, until on the 20th of June, 1919, he succeeded in accomplishing his purpose. The two girls came from school about noon on that day, the defendant arriving home shortly there-

---

4. Admissibility of evidence of other crimes in prosecution for rape, notes, 8 Ann. Cas. 459; 18 Ann. Cas. 442; Ann. Cas. 1915D, 164.

after. According to the testimony of the prosecutrix, at some time during the afternoon Christian indulged in sexual intercourse with her, on the bed in his room. Defendant's daughter stated on the stand that she saw the two sitting on the side of her father's bed, but that she did not witness the act. The prosecutrix further related the circumstances of several subsequent indulgences of a similar character, in Los Angeles. She also testified that in November of the same year she made a trip with defendant and his daughter to Calexico, where all three occupied one bed at a hotel, and that while there Christian more than once had carnal knowledge of her person. Defendant's daughter was a witness to some of the later acts in Los Angeles, and also to the instances in Calexico.

Appellant raises two points upon which he relies as ground for reversal: (1) That the court erred in permitting testimony relating to subsequent acts; and (2) error in allowing evidence of a separate and distinct offense to be presented to the jury.

[1] 1. The rule is well settled in this state that in cases of this character, after the prosecution has selected the particular offense upon which it relies, and has introduced evidence in support of the charge, testimony of subsequent acts of the same nature between the parties may be received for the sole purpose of corroboration. Within these limitations proof of subsequent offenses is admissible to show the adulterous disposition of the defendant and as tending to sustain the charge alleged in the information. (*People* v. *Koller,* 142 Cal. 623, [76 Pac. 500].)

The rule was followed in this case. After the prosecutrix had testified to the incidents occurring on June 20, 1919, the district attorney elected to stand upon that date as the one on which the crime was committed. Witnesses then testified to subsequent acts of sexual intercourse between the defendant and the prosecutrix for the limited purpose, as expressly stated by the prosecution, of corroboration of the charge.

[2] The court instructed the jury that the succeeding acts were to be considered only to prove the adulterous disposition of the defendant, and as having a tendency to render it more probable that the act charged in the information was committed. In deliberating upon its verdict the jury is presumed to have obeyed the instructions of the court.

Thus restricted, evidence of other similar acts, whether occurring before or after the date alleged in the information and selected by the prosecution, could be effective only to induce a belief in the probability of the truth of the main charge. Subsequent acts produce the same impression upon the mind as do prior acts. Each indicates the depraved character of the accused in the same manner and to the same extent. When it is shown that two persons have on a certain occasion indulged in sexual intercourse, it is a strong circumstance in support of testimony relating to previous similar indulgences. We can see no difference between the corroborative effect of evidence of such acts, whether preceding or following the date specifically charged in the information.

2. Appellant contends that the testimony regarding the trip to Calexico was inadmissible, for the reason that it tends to support a charge of child-stealing, or a violation of the Mann Act [U. S. Comp. Stats., secs. 8812–8819]. [3] As to the latter, we take judicial notice of the fact that Calexico is within the limits of the state of California. [4] The matter relating to child-stealing was brought out by the defendant in his own testimony. He stated that he had been brought back on a charge of child-stealing, and that afterward the charge of rape was lodged against him. We are not concerned with the charge on which defendant was arrested. In the information before us he is charged with the crime of rape, of which he was convicted. The prosecution made no reference to any other crime, but confined its testimony to occurrences at the hotel in Calexico after the child arrived there, simply for the avowed purpose of corroboration of the principal charge. Defendant cannot predicate error upon the admission of his own testimony.

We have carefully examined the entire record, and find no error therein.

Judgment affirmed.

Finlayson, P. J., and Thomas, J., concurred.