[Crim. No. 876.  Second Appellate District, Division One.—September 20, 1922.]

THE PEOPLE, Respondent, v. LINO MARTINEZ, Appellant.

[1] CRIMINAL LAW—JUDGMENT — TIME—APPLICATION FOR PROBATION— EFFECT OF.—Where a defendant at the time appointed for the pronouncement of judgment applied for probation and the application was continued to a time well within the twenty-day period provided by section 1191 of the Penal Code, and judgment was pronounced within such period, the judgment was pronounced within the time prescribed by law.

[2] ID.—RAPE—CONVICTION—EVIDENCE—UNCORROBORATED TESTIMONY OF VICTIM.—The uncorroborated testimony of the victim of a statutory rape is sufficient, considered alone, to sustain a conviction.

[3] ID.—SUBSEQUENT OFFENSES—DISPOSITION OF DEFENDANT.—Evidence of the commission of acts of sexual intercourse subsequent to the act charged is admissible for the purpose of showing the disposition of the defendant and the probability of his committing the act charged.

[4] ID.—FAILURE TO MAKE OUTCRY OR COMPLAINT — IMMATERIALITY.— The fact that the victim of a statutory rape, who was under the age of sixteen years, made no outcry but concealed from others knowledge of the act is not material, provided the jury upon sufficient evidence is satisfied of the defendant's guilt.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. C. C. Russell for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

SHAW, J.—On December 13, 1921, the defendant was convicted upon an information charging him with the crime of statutory rape committed in Tulare County in June of that year. Four days after his conviction, to wit, on December 17th, the court convened for the purpose of pronouncing judgment against him, at which time he applied to the court to be admitted to probation. The hearing of this application was postponed to January 3, 1922, at which time his application was denied and judgment pronounced, all in accordance with the provisions of section 1191 of the Penal Code. From this judgment he has appealed.

[1] First. Defendant's first contention is that the court failed to pronounce judgment within the time prescribed by law. While section 1191 of the Penal Code provides that upon the conviction of a defendant the court must appoint a time for pronouncing judgment, which must not be more than five days thereafter, it further provides that where an application for probation is to be considered the court may extend such time for a period not exceeding twenty days. As appears from the record herein, there was an application made by defendant for probation and the time for hearing of the same was continued from December 17th to January 3d, a period well within the twenty days provided by the section, and within which time judgment was pronounced.

[2] Second. It is claimed that the evidence was insufficient to sustain the verdict of conviction. This contention is likewise without merit. While the testimony of the prosecuting witness clearly tended to prove the commission of the act of sexual intercourse between herself and the defendant, he insists that such testimony was not corroborated. The law that the uncorroborated testimony of the victim of a statutory rape is sufficient, considered alone, to sustain a conviction, is too well settled to require comment. There was ample testimony, as to the truth of which the jury was convinced, tending to show that the prosecuting witness, at the time of the commission of the crime, was under the age of sixteen years.

Third. Another contention is that the evidence was insufficient to show the alleged offense was committed in Tulare County. The testimony of the prosecuting witness, while to the effect that she did not know whether the act occurred

in Tulare County, was that while living at or near Selma, which is in Fresno County, defendant took her with him in an automobile, traveling southerly through Goshen, which is in Tulare County, to Santa Paula, in Ventura County; that before reaching Goshen in Tulare County, but near that place, they left the automobile, crossing a ditch near some shrubbery, wherein the act of sexual intercourse as charged was committed. The location of the points named, the direction of travel from Selma southerly toward Goshen and the commission of the act near but before reaching Goshen, constituted evidence from which a fair inference might be drawn that the crime was committed in Tulare County, and which, taken in connection with the fact that the defendant, in the absence of any threats, intimidation, or inducements offered him so to do, voluntarily stated to a witness for the prosecution that he committed the act of sexual intercourse with the prosecutrix in Tulare County, was sufficient to warrant the jury in concluding that the crime was committed therein.

[3] Fourth. It is next claimed that the court erred in permitting testimony tending to prove that, upon arriving at Santa Paula, in Ventura County, defendant was guilty of acts of sexual intercourse committed with the prosecutrix. The conviction, however, was not based upon such acts, and the evidence as to the commission thereof was offered, as stated in the court's instructions, merely for the purpose of showing the disposition of defendant and the probability of his committing the act with which he was charged. There was no error of the court in admitting such evidence.

Fifth. Counsel for defendant devotes much of his brief to alleged misconduct of the district attorney, and also to misconduct of the court. That of the former is predicated solely upon the fact that in the course of the trial he asked some questions to which objections were interposed and by the court sustained upon the ground that they were immaterial, irrelevant, and not proper cross-examination. Such acts constitute no ground for the claim of misconduct and, since the objections were overruled, upon no possible stretch of the imagination could it be said that defendant was prejudiced thereby. As to the misconduct of the court, it appears that a physician was called, who testified that upon an examination of the prosecutrix he found that the

hymen had been ruptured. Thereupon defendant elicited from the prosecutrix the fact that prior to the act of sexual intercourse with defendant she had like intercourse with another person. In ruling upon the objection to this testimony, the court stated that the jury should consider such testimony only as tending to show that the rupture to which the physician testified might have been caused by an act of sexual intercourse had by the prosecutrix with another than the defendant, but if they found that defendant was guilty of the act as charged, such fact of intercourse with another would constitute no defense to the act with which he was charged. We perceive no error in this statement; on the contrary, it was rather favorable than otherwise to the defendant, since it tended to controvert the inference that the hymen was ruptured by the act committed by defendant.

[4] Finally, it is claimed the court erred not only in the instructions given to the jury, but likewise in refusing instructions tendered by the defendant. We have carefully read the instructions, which, as a whole, were full, fair, and explicit and well calculated to state the law which the jury should apply to the facts as found by them. No purpose could be subserved by a discussion of the several assignments of error based thereon. Suffice it to say that appellant's contentions in this regard appear to be based upon an erroneous construction of the law applicable to the facts, wherein he contends that the testimony of the prosecutrix should have been corroborated and that the jury were entitled to consider the fact that she made no outcry and did not immediately complain to others of the unlawful act committed upon her. As we have stated, the fact of defendant's guilt did not depend upon corroboration of her testimony, and the fact that she, a female under sixteen years of age, made no outcry but concealed from others knowledge of the act was not material to the inquiry, provided the jury upon sufficient evidence was satisfied that he was guilty of the act as charged.

That defendant is clearly guilty of the crime of which he is convicted admits of no doubt, and a careful reading and consideration of the record discloses no error in the rulings of the court, nor in the instructions given or refused.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.