[Crim. No. 1171. Third Appellate District.—October 13, 1931.]

THE PEOPLE, Respondent, v. JOHN FOSTER, Appellant.

Hugo McKinley and L. B. Schlingheyde for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant, a married man, was tried and convicted of the offense of statutory rape committed upon the person of one Margaret McGregor, a female of the age of fifteen years, and not the wife of the defendant.

The information upon which the defendant was tried charged the commission of the offense in the county of El Dorado on or about the eighth day of September, 1930. The record shows that beginning some time during the month of June and continuing up to and including some time during the month of September, 1930, the defendant had sexual relations with the minor female named in the information. After the jury had been impaneled, the district attorney, in his opening statement to the jury, stated he elected to try the defendant for the commission of such an offense perpetrated upon the person of the minor female, as and of about the eighth day of July, 1930. At the conclusion of the trial the court instructed the jury that the prosecution had elected to stand upon the offense charged as having been committed in the month of July, on or about the date named and instructed the jury that the date mentioned in the information, to wit, the eighth day of September, 1930, was immaterial, and they could only find the defendant guilty if satisfied beyond a reasonable doubt that the offense was committed by the defendant upon the date selected by the district attorney.

The record in the case at bar shows that the defendant and the minor during the period between early in the month of June, 1930, to and including a portion of the month of

September, 1930, were in friendly contact, that they had gone to different places of amusement together, and some of the testimony indicated that they were on very friendly terms. The prosecuting witness detailed at length the various occurrences, giving the places and circumstances when the various offenses were committed. It is true that the testimony of the prosecutrix was a little bit indefinite as to the exact date in July, but other circumstances introduced in testimony indicated that the circumstances and events surrounding and coincident with the events took place on or about the date selected by the district attorney, or the offense upon which the district attorney elected to stand and upon which the People asked for a verdict of conviction. The circumstances were such as parties and dances, to the events of which other witnesses testified.

Upon this appeal the first point made for reversal is that there is a variance between the date of the offense .charged in the information and the date upon which the People elected to stand as the time of the commission of the offense upon which conviction would be asked. No claim is made that the defendant was taken by surprise by reason of the selection of the district attorney of a date different from that mentioned in the information, nor was any postponement of the trial asked that the defendant might more readily present any defense he might have concerning the alleged occurrences and the date thereof, upon which the district attorney elected to stand.

In support of the contention made by the appellant several cases are cited in which, under the circumstances of the particular incidents or facts presented to the court, verdicts were set aside by reason of proof as to different offenses than the one mentioned in the information, or the one alleged in the information as occurring upon a particular date. These cases, however, instead of supporting the contention of appellant directly and emphatically support the course pursued by the district attorney in the trial of this case. In *People* v. *Hatch*, 13 Cal. App. 521 [109 Pac. 1097, 1102], the facts recited in the opinion show that the defendant was proven guilty of several distinct embezzlements. Under such circumstances the court, in speaking of the duty of the district attorney, said: "Where several substantive offenses have been proved, either one of which would support a verdict

of guilty under the indictment charging one offense, the district attorney should elect as to which offense he will rely upon for a conviction." Again, in *People* v. *Williams,* 133 Cal. 165 [65 Pac. 323], where an offense similar to the one involved in this case was the basis of the prosecution, the court said: "Though the failure to prove an offense of the exact date charged in the complaint is not a fatal variance, yet the main charge cannot be dispensed with for that reason, and should be selected and notified to the defendant at the commencement of the trial, as the offense upon which the prosecution intends to rely. . . . Upon a charge of crime involving sexual intercourse by consent, other incidents may be proved, not primarily to prove habitual or continuous criminality, or other offenses, but merely as tending to prove the one specific offense for the alleged commission of which the defendant is on trial."

All the cases referred to lay down the rule that in sexual cases, offenses before and after the date of the one charged in the information may be offered in testimony, but it is incumbent upon the district attorney to elect the date of the offense upon which conviction is asked. Testimony as to other offenses are introduced only to corroborate the main charge. In the case at bar, by the opening statement of the district attorney, it appears that the rule laid down in the cases relied upon by appellant for reversal was strictly followed.

The defendant had notice of the offense for which he was being charged and the record, as made, discloses the offense for which he was being tried, and being convicted of that charge, it stands as a bar to any further or other prosecution for such offense, and answers every requirement of the test of variance, the main test being whether the offense was designated with sufficient particularity so that no further prosecution can be had for the crime of which the defendant stands convicted. What we have just said in relation to the introduction of testimony of different acts in sexual cases and the election of the district attorney to stand upon a particular charge as sufficient is supported by the following cases: *People* v. *Castro,* 133 Cal. 11 [65 Pac. 13], *People* v. *Koller,* 142 Cal. 621 [76 Pac. 500], and *People* v. *Malley,* 49 Cal. App. 597 [194 Pac. 48]. In some of these cases the court in its instructions limited the right to convict to a

particular act, just as appears to have been the course followed in the instant case.

It is next insisted that incurable misconduct occurs in the record by reason of the district attorney asking as to a conversation had by the arresting officer with the defendant. While this witness was on the stand the following occurred: "The defendant asked me who signed the complaint. I remarked, 'Why, you must know who signed it. You have been in Placerville.' 'Well,' he said, 'sure, I have been in Placerville. When I was there I had (sexual intercourse) with so many girls I don't know which one squealed.'" We have eliminated the foul word used, for the purpose of keeping this record as clean as the circumstances will permit, and have inserted the words "sexual intercourse". This testimony, after some argument was stricken out by order of the court and the jury directed not to consider it in their deliberations. Notwithstanding this fact, it is insisted by the appellant that the introduction of this testimony constituted such a degree of error as to render the instruction of the court nugatory, and that from the time of the introduction of such testimony, the jurors would be so prejudiced against the defendant that it would be impossible for them to give the defendant a fair trial, and that the error is of such a nature that section 4½ of article VI of the Constitution cannot be relied upon to sustain the verdict.

If the testimony in this case were not of such a clear and positive character as to all the events and circumstances surrounding the offense, the place where it occurred, the time when it occurred and the facts shown by the witnesses that the defendant and the minor were together upon such day, we would be inclined to hold that the conduct of the district attorney in eliciting the answer referred to, was highly prejudicial. But, in this case, in view of what we have said and of the fact that the female in this case thereafter gave birth to a child at a time indicating, as the testimony shows, that someone had had sexual intercourse with her at or about the time testified to, reversible error is not shown. No attempt was made to show that the female had been intimate with any other person. The only defense offered by the defendant was his plea of not guilty and the testimony of a few witnesses as to good character. No

explanation or testimony contradicting the testimony of the female was offered further or other than related to some incidental matters, as, for example, whether the female had or had not asked the defendant to take her to a dance.

A reading of the testimony and the record as it stands, excluding the objectionable question and answer to which we have referred, leads to the conclusion that no jury, having a due regard for their oaths, could return other than a verdict of guilty.

We do not set forth the details of the various instances testified to by the prosecutrix, as they stand forth in the record unexplained and undenied on the part of the defendant other than by his simple plea of not guilty, which relieves us, we think, from recounting the testimony to show that really no defense existed.

It is further urged that the court erred in the exclusion of the testimony given by the prosecutrix at the preliminary examination of the defendant. A reference to the transcript shows that there is no merit in the contention. We quote therefrom as follows:

"Mr. Lyon: That refers to a different time, if your honor please; incompetent, irrelevant and immaterial.

"Mr. McKinley of counsel for the defendant: If your honor please, there wasn't a word said about any act being committed in September, in the direct examination in the preliminary examination of this defendant, and that was all brought out by me in cross-examination, and at this time I offer in evidence, as defendant's exhibit Number One, the testimony taken at the preliminary examination of Margaret McGregor.

"The Court: The offer, as made, will be overruled at this time."

No citation of authorities nor argument is necessary to show the correctness of the court's ruling. The only way in which the testimony of the witness Margaret McGregor could be introduced would be by asking Margaret McGregor upon the witness-stand if she had not testified in such and such a manner at the preliminary examination, showing to her the record of her testimony and if she answered "no", then, and in that event, to read into the record the testimony as given by Margaret McGregor at the preliminary examination.

That this method might require several questions as to whether the witness had testified in a certain manner and a number of answers does not obviate the necessity of calling the witness' attention to the testimony given in answers to questions at the preliminary examination or justify the blanket procedure adopted by appellant in this case.

As an additional reason for reversing it is urged upon this appeal that the court committed error in its instructions to the jury and in its refusal to give certain instructions requested by the defendant. The refused instructions relied upon by appellant are as follows:

Instruction No. 8. ''You are instructed that 'this crime belongs to that class of offenses of which it has been often said that the charge is easy to make and hard to disprove. In such cases the jurors are sometimes moved by abhorrence of the offense to convict upon slight evidence;' but I charge that there must be 'some substantial evidence to warrant a verdict of guilty'.'' In support of this instruction the appellant cites the case of *People* v. *Stouter,* 142 Cal. 146 [75 Pac. 780]. A reference to that case shows that the language as set forth in the instruction was used by the court in its opinion. However, the appellant fails to distinguish between language used by the court in its opinion and in reasons or arguments advanced for its conclusions and what constitutes a proper instruction to the jury. A reading only of the instruction proposed shows that it is simply an argument of the court and not a statement of an instruction which should be given to the jury.

Again, in defendant's proposed instruction number 24, which reads:

''Where, as in this case, the prosecution relies for conviction of the defendant upon the testimony of the prosecutrix alone, and no other witnesses are called by the state to testify directly as to the time or place or circumstances of the alleged offense, then, and in such case, you should view such testimony with great caution, and it is the duty of the court to warn the jury of the danger of conviction upon such testimony,'' citing *People* v. *Von Perhacs,* 20 Cal. App. 48 [127 Pac. 1048]. A reference to this case shows that the proposed instruction only included a part of that which was approved in the case relied upon. It also overlooks the fact that there was testimony in this case

as to the parties being at the dance testified to by the prosecuting witness; also overlooks the fact that the minor gave birth to a child, showing that some person had had sexual relations with her.

The defendant's proposed instruction number 25 reads: "You are instructed that the defendant here is charged with rape, in that he is charged with having sexual intercourse with said minor, and if he cannot be fairly convicted he should not be convicted at all; to convict him unfairly would provide ways and means for conviction of innocence."

This, of course, is objectionable on account of its argumentative character and is covered by proper instructions telling the jury the basis for their action, as we more specifically show.

Defendant's instruction No. 26 is an excerpt taken from the opinion of the court in the case of *People* v. *Cruse*, 24 Cal. App. 497 [141 Pac. 936, 938], the excerpt being found on page 501; which, again, is only a part of the reasoning indulged in by the court in that case, and is in no sense a statement of what the court considered a proper instruction or a statement of the law to be given to the jury.

Proposed instruction No. 28 reads as follows: "You are instructed that in a prosecution of this character, it is dangerous to convict the accused upon the sole testimony of the prosecutrix, and in a case where the testimony of the prosecutrix is not corroborated by other evidence, the testimony of the prosecutrix should be carefully scanned."

We do not need to comment upon the argumentative character of this instruction or point out that the court in giving its instructions should not assume the position of a partisan for either the People or the defendant, but will content ourselves with referring to the instructions given by the court, which cover every phase of the case and leave nothing of which appellant can complain.

To show that the cautionary instructions given by the court were abundantly sufficient without giving argumentative instructions, we quote the following instructions as given by the court:

"You are here for the purpose of trying the issues of fact that are presented by the allegations in the information filed by the district attorney and the defendant's plea thereto.

This duty you should perform uninfluenced by pity for the defendant or by passion or prejudice on account of the nature of the charge against him. You are to be governed therefore solely by the evidence introduced in this trial and the law as given by the court. The law will not permit jurors to be governed by mere sentiment, conjectures, sympathy, passion or prejudice, public opinion or public feeling. Both the public and the defendant have a right to demand, and they do so demand and expect, that you will carefully and dispassionately weigh and consider the evidence and the law of the case and give to each your conscientious judgment; and that you will reach a verdict that will be just to both sides, regardless of what the consequences may be. . . .

"The rule of law which clothes every person accused of crime with the presumption of innocence and imposes upon the state the burden of establishing his guilt beyond a reasonable doubt, is not intended to aid any one who is in fact guilty of a crime to escape, but it is a humane provision of the law intended, so far as human agency can, to guard against the danger of an innocent person being unjustly punished."

The court then instructed the jury that they could find the defendant guilty only if they found beyond a reasonable doubt and to a moral certainty that the offense upon which the prosecution had elected to stand was proved, and that they could not find the defendant guilty of any other offense or offenses committed at any other time; that such testimony was introduced only for the purposes of corroboration.

Over and over again the court instructed the jury that they could only find the defendant guilty upon testimony showing that the defendant was guilty, beyond a reasonable doubt, of the offense alleged to have been committed, as alleged by the district attorney as occurring on or about the eighth day of July, 1930.

The court further instructed the jury: "You must weigh and consider this case without regard to sympathy, prejudice, or passion for or against either party to the action. It is the duty of the jurors to deliberate and consult with a view to reaching an agreement, if they can do so without violence to their individual judgment upon the evidence under the instructions of the court. Each juror must decide the case

for himself, but should do so only after a consideration of the case with his fellow jurors, and he should not hesitate to change his views or opinions on the case when convinced that they are erroneous. No juror should vote for either party, nor be influenced in so voting, for the single reason that a majority of the jury should be in favor of such party. In other words, you should not surrender your honest convictions concerning the effect or weight of evidence for the mere purpose of returning a verdict solely because of the opinion of the other jurors.''

The court further instructed the jury that in this case the question of consent was not involved. This is alleged as error, the claim being that the question of consent is material in fixing the punishment. In support of this contention the case of *People* v. *Pantages,* 212 Cal. 237 [297. Pac. 890], is relied upon. A consideration of the facts of the two cases, however, discloses that the Pantages case does not support the rule that where there is no evidence of force or violence, and the female is under the age of eighteen years, that the question of consent becomes material. In the Pantages case the whole of the testimony on the part of the prosecution was to the effect that the alleged offense was accomplished by force and violence. In meeting this charge it was held that testimony relating to the character of the prosecutrix was admissible for the purpose of rebutting the testimony as to force and violence, in that if the prosecutrix was a woman of loose character she would be more likely to consent and, therefore, her testimony as to force and violence might be discredited, and, also, her testimony as to the commission of the offense might be weakened or discredited and, under such circumstances, the question of consent would become material, as, in the Pantages case, the prosecutrix testified that she suffered great pain, fainted, etc. In the present case there is no such testimony. The testimony of the prosecutrix is to the effect that the defendant began by making love to her, which culminated in the several acts of sexual intercourse testified to, and also in the act for the commission of which the defendant was found guilty.

The female in this case was of the age of fifteen years and under the code provisions was unable to give consent, and there being no testimony as to the issue of force or

violence, or threats, or intimidation, whether the prosecutrix did give her mental and physical consent becomes wholly immaterial, and the instruction given by the court that the prosecutrix was unable to consent in this case was and is a correct statement of the law. There being no testimony as to force or violence, testimony as to the actual consent of the female was not admissible either to mitigate or accentuate the punishment.

The judgment and the order are affirmed.

Thompson (R. L.), J., and Preston, P. J., concurred.