[Crim. No. 1702.  First Appellate District, Division One.—March 7, 1933.]

THE PEOPLE, Respondent, v. AUGUST C. FUHRMAN, Appellant.

George Gelder for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton for Respondent.

THE COURT.—Defendant was charged with the crime of rape and also with the violation of section 288 of the Penal Code. He was convicted on the first charge and appeals from the judgment and an order denying a motion for a new trial.

As grounds for the appeal it is contended that the evidence fails to show the commission of any offense at the time alleged by the prosecution, and that the court erred in its instructions to the jury.

The information alleged that the offense first charged was committed on or about October 15, 1930. The district attorney in opening the case stated in substance that he would rely for conviction upon said offense, and would prove that the same was committed on or about June, 1930, the exact date being uncertain. The child was aged eight years, and the evidence shows definitely two acts of intercourse by the defendant, who admitted their commission. While the evidence fails to show directly the exact dates when these occurred it appears sufficiently from the testimony of the girl and another child about the same age, together with defendant's own admissions, that the offense which the prosecution elected to prove occurred in the summer of 1930 about the month of June. It has been held that under such circumstances the precise time of the offense need not be fixed by the prosecution (*People* v. *Wademan,* 38 Cal. App. 116 [175 Pac. 791]; and as the evidence shows with a fair degree of certainty the time when the offense was committed, defendant suffered no prejudice by the failure to prove its exact date. He contends, however, that the court erroneously instructed that the exact time of the offense charged need not be proved, provided it occurred within a period of three years preceding the date of the filing of the information. This instruction has been held to be erroneous. (*People* v. *Williams,* 133 Cal. 165 [65 Pac. 323]; *People* v. *Elgar,* 36 Cal. App. 114 [171 Pac. 697].) But where, notwithstanding such an instruction, the jury (as was the case here) is also instructed "that the act relied upon by the prosecution must be estab-

lished beyond a reasonable doubt or they must acquit the defendant, and that evidence of other acts was admissible only for the purpose of determining whether or not the defendant committed the very act of sexual intercourse selected'', it has been held that the jury must have understood that a conviction must rest entirely upon evidence directed to the particular act selected by the prosecution. (*People* v. *Wademan, supra.*) ▮ Evidence of other acts of intercourse before and after the date of the one charged is admissible for the purpose of showing the disposition of the defendant and the probability of his committing the act charged. (*People* v. *Castro,* 133 Cal. 11 [65 Pac. 13]; *People* v. *Koller,* 142 Cal. 621 [76 Pac. 500]; *People* v. *Christian,* 48 Cal. App. 646 [192 Pac. 182]; *People* v. *Martinez,* 59 Cal. App. 121 [210 Pac. 61]; *People* v. *Foster,* 117 Cal. App. 439 [4 Pac. (2d) 173]); and we are satisfied that the jury was in no way misled by the instructions of the court.

The evidence clearly supports the verdict, and no error appears which would warrant the conclusion that the same resulted in a miscarriage of justice. The judgment and order appealed from are affirmed.