[Crim. No. 1598. Third Appellate District.—March 15, 1938.]

THE PEOPLE, Respondent, v. LOWELL D. HALL, Appellant.

C. W. Pearson for Appellant.

U. S. Webb, Attorney-General, and Wilmer M. Morse, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Defendant was accused and convicted of the crime of incest. Upon this appeal from the judgment and from the order denying the motion for a new trial appellant contends that the evidence does not support the verdict, that the court and district attorney were guilty of misconduct, and that the motion for a new trial should have been granted.

It is not necessary to recite in detail the evidence submitted to the jury. In brief, however, it appears that ap-

pellant and his family, consisting of his wife and two children, lived near Diamond Springs in El Dorado County. The complaining witness, a daughter about eighteen years of age, was living at the home of friends in Placerville, where she was attending school, returning home usually about every other week-end. The complaining witness testified that on a Sunday, either February 21st, or February 28th, she was at her parents' home; her mother and younger sister had gone to visit an aunt who lived not far away, and the brother was mining in a nearby stream. During the afternoon while she was alone and studying in the living room of the home, appellant entered, seized her, stifled her outcries by tying a dish towel across her mouth, tied her to the bed and there committed the act complained of. The witness testified that similar acts had been perpetrated upon her by appellant since she was about ten years of age.

It must be admitted that the recital of the method of attack was not altogether convincing, not only to this court, but the trial court seemed to have had some doubt as to the truth of the facts concerning the details. However, the trial court and the jury seem to have had no doubt as to the commission of the act itself. It is more probable that the co-operation of the complaining witness was obtained through fear of the father, and the somewhat improbable recital of the tying and gagging was added by the witness as a justification for her course of conduct in not making an outcry or in not reporting the occurrence immediately after its perpetration.

Appellant, of course, denied the charge but by his equivocations and attempted explanation of his conduct at the time of the first alleged attack, which he claims he made under the guise of explaining to his daughter the necessity of being able to protect herself against an assault, is almost an admission of guilt on his part. If this occurrence actually took place with his daughter when she was then approximately ten years of age, and having then overcome her physical and moral resistance, the continuation of his course of conduct with her would undoubtedly have become more easy with the passage of time, and it may well have been that at the time here in question the witness did not strenuously resist his approach.

It is true the complaining witness was, on various occasions, subject to spells of unconsciousness and hysteria, and it seems

to be the theory of appellant that she was suffering either from some form of delusion or that she fabricated the story of the course of conduct complained of, but no motive is shown for the complaining witness to have made a groundless charge against her father, nor does there appear any malice or animosity on the part of the daughter toward him, nor does any reason appear for such a statement to have been made unless based upon fact. Her school grades through grammar school and up to the present year in high school show an intellectual standard well above the average.

 Appellant urges the testimony of the witness was uncorroborated, but the testimony of several medical witnesses who examined the complaining witness, established the physical fact of sexual experience. Furthermore, uncorroborated testimony of the witness may be sufficient to sustain this verdict. (*People* v. *Gomez*, 118 Cal. 326 [50 Pac. 427] ; *People* v. *Rabbit*, 64 Cal. App. 264 [221 Pac. 391].) It is often said that the credibility of the witness and the weight of the testimony is within the exclusive province of the jury. If the court and jury believed the evidence of the daughter, her testimony of the acts committed by the father are sufficient to sustain the verdict. What this court would have done sitting as a jury is immaterial, if the story is not so improbable as to stamp it as unbelievable.

 We find no merit in the specifications of misconduct on the part of the district attorney or of the court. It is charged the district attorney was guilty of misconduct in introducing evidence of the conduct of the appellant toward the complaining witness some eight years before the commission of the act for which he was then on trial. Such testimony, however, was admissible to show an incestuous disposition. (*People* v. *Fuhrman*, 130 Cal. App. 267 [19 Pac. (2d) 821] ; *People* v. *Koller*, 142 Cal. 621 [76 Pac. 500] ; *People* v. *Foster*, 117 Cal. App. 439 [4 Pac. (2d) 173].) Furthermore, the question of remoteness goes to the weight rather than to the competency of the testimony. (*People* v. *Piercy*, 16 Cal. App. 13 [116 Pac. 322] ; *People* v. *Bolton*, 215 Cal. 12 [8 Pac. (2d) 116].)

 The misconduct of the court is predicated upon certain statements made to the court by the jury when they returned after some hours of deliberation. At that time the court, in order to determine whether or not they should be returned

for further deliberation, asked them to state how they stood numerically, without indicating their opinions. In spite of that statement the foreman stated that ten were voting for guilty and two for acquittal. The jury did not say that they felt they would be unable to reach a verdict if they had further time for consideration, and at that time the judge told them that beds would be provided and they could retire for the night if they desired, or they could continue to deliberate. That was at 10:05 o'clock P. M., and at 11:30 o'clock P. M., the jury returned with a verdict of guilty.

We do not find anything that the court said that could be construed as directing the jury to find a verdict of conviction or any attempt to compel them to change their mind, or to agree one way or the other in the matter.

An affidavit was filed in this court in which it is recited that during the course of the trial the district attorney was seen in conversation with several of the jurors, and in another affidavit it was recited that during the course of the trial and while the jury were being taken out to breakfast they were not kept together but allowed to separate. It does not appear why these affidavits were not presented to the trial court upon the motion for a new trial, the motion having been made on the first of October, and the affidavits bearing date of October 6th. We cannot now, under those circumstances, take cognizance of the alleged facts therein contained.

In a case of this nature this court appreciates the responsibility of the reviewing court, and also of the fact that jurors sometimes are swayed by the character of such a charge, as here presented, and are perhaps thereby more inclined to convict than they otherwise might be. For that reason we have carefully read and considered the entire record before us. After such examination, however, we believe that there is sufficient evidence to justify the verdict found.

The judgment and order from which this appeal is taken are affirmed.

Thompson, J., and Plummer, J., concurred.