[Crim. No. 3044.  Second Appellate District, Division One.—March 17, 1938.]

THE PEOPLE, Respondent, v. OTTO R. RASMUSSEN, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, Walter L. Bowers, Deputy Attorney-General, Buron Fitts, District Attorney, Jere J. Sullivan and Arthur L. Veitch, Deputies District Attorney, for Respondent.

YORK, P. J.—The defendant and appellant was charged in an information filed by the district attorney of Los Angeles County with the crime of forcible rape. He was convicted by a jury, and after his motion for new trial was denied by the trial court, the court pronounced judgment and sentence. The appellant attempts to appeal not only from the order denying his motion for a new trial, but also from the "judgment and sentence" entered by the court. There is, of course, no appeal from the sentence rendered, and this appeal from the sentence is dismissed.

The main argument of appellant is that the testimony is inherently improbable, and therefore that the evidence is insufficient, and does not sustain the verdict. The testimony of the prosecutrix in this case, if believed by the jury, was amply sufficient to show not only the commission of the offense charged, but also of kidnaping. Whether or not the prosecutrix was in fear of her life was a question solely for the jury to determine; and the failure of the prosecutrix to resist and to call out and make her plight known to people who were seen by her shortly after the first attack, is reasonably explained by her testimony as to her fear of the defendant and his threats of death. This was borne out by her

complaint immediately when she got away from his custody. As to the second act of intercourse, the defendant, in referring thereto, stated that he "took it away from her". He also testified that the first act of intercourse was with her consent; and in appellant's brief we are asked to hold that the prosecutrix testified falsely when she testified that there were two acts of intercourse and that it was inherently improbable that such acts occurred. An examination of the entire evidence does not show in our mind any inherent improbability in the testimony of the prosecuting witness.

The appellant objects to the failure of the court to give an instruction as follows:

"You are instructed that the charge of rape is, in its nature, a most heinous one, likely to create a strong prejudice against the accused. It is a charge easy to make and hard to disprove. On this account you should bear in mind the difficulty of defending against such charge, and consider most carefully all the evidence and the instructions in making up your verdict."

This is an instruction that is purely argumentative, and there is no argument advanced as to how the defendant could have suffered any harm by failure to give such an instruction. It was held in *People* v. *Foster*, 117 Cal. App. 439 [4 Pac. (2d) 173], that such an instruction was merely an argument and not a statement of an instruction which should be given to a jury. To say the least, the failure to give such a cautionary instruction would not constitute a reversible error.

The objection of appellant that another instruction should have been given to find the defendant guilty of simple assault only under certain circumstances, is of no point in the given case, as there is no evidence warranting a verdict of simple assault.

The third point raised by appellant is as to the conduct of the district attorney in asking the defendant what marihuana looked like. Evidently this question was asked because of the testimony of the prosecutrix that several times the defendant asked, "Where are my weeds?" or referred to "weeds". It was not a proper question, at least in the form in which it was put; but there is nothing on the face of the record that shows any possible prejudice to the defendant, and in fact the defendant has failed to point out in what way the question complained of could have acted to his prejudice.

The fourth point of appellant refers only to the denial of the motion for new trial. The appellant raises no argument on this point except the matters covered by the foregoing decision.

There is no prejudicial error shown by the record.

The judgment and the order are therefore affirmed.

Doran, J., and White, J., concurred.