[Crim. No. 1791.   Third Dist.   May 4, 1942.]

THE PEOPLE, Respondent, v. FRANK SMITHLE, Appellant.

694

Frank Smithle in pro. per., and S. K. Brantley for Appellant.

Earl Warren, Attorney General, and J. Q. Brown, Deputy Attorney General, for Respondent.

STEEL, J. pro tem.—The appellant was charged with the crime of incest alleged to have been committed upon his daughter, thirteen years of age. He was found guilty by a jury and has appealed from the judgment of conviction and from the order denying a new trial.

Appellant is the father of seven children, the youngest being of the age of six months. In June, 1941, appellant's wife was placed in the Sonoma State Home for the Feeble Minded and the household duties were thereafter performed by various housekeepers employed from time to time. The complaining witness testified that her father commenced having intercourse with her after her mother had been removed to the state home. On the evening of August 28, 1941, the date alleged in the information, appellant came to her room after she had gone to bed and performed an act of sexual intercourse. We deem it unnecessary to recite the details of this detestable offense. The complaining witness

told a clear and convincing story and appears to have a mentality equal to that of the average child of her age.

■ Appellant first complains of an instruction given by the court to the effect that evidence of other acts of sexual intercourse between the appellant and his daughter were admissible to prove the adulterous disposition of appellant. We find no merit in the objection to this instruction. Where a particular adulterous act is selected upon which a prosecution is based, evidence of other acts of sexual intercourse, not too remote in time, are admissible for the purpose of showing the adulterous or incestuous disposition of the defendant and the probability of his committing the act charged. (*People* v. *Fuhrmann,* 130 Cal. App. 267 [19 P. (2d) 821]; *People* v. *Koller,* 142 Cal. 621 [76 Pac. 500]; *People* v. *Christian,* 48 Cal. App. 646 [192 Pac. 182].) The evidence here was not admitted as "corroborative evidence tending to support the one specific offense" as the court instructed in the case of *People* v. *Vaughan,* 131 Cal. App. 265 [21 P. (2d) 438], cited by appellant and which was held to be objectionable under the rules set up by section 19, article VI of the Constitution.

■ Further complaint is made because of the trial court's refusal to give two instructions proposed by appellant to the effect that if the complaining child testified that the act of intercourse was accomplished by force and fear, and the evidence showed the child to be of previous unchaste character, then the jury may find that as a witness the child's testimony is not credible. Appellant cites the case of *People* v. *Pantages,* 212 Cal. 237 [297 Pac. 890], as authority for these offered instructions. The factual situation surrounding the two cases are fundamentally different. The instant case is not a rape case involving force and violence but rather a case where a father has committed a most reprehensible outrage upon his compliant daughter. There was no evidence introduced of previous unchaste character of the little girl, and we fail to see wherein the offered instruction can be held to apply to the evidence in this case. In the court's given instructions the jury was fully instructed as to the law upon all phases of the case including that of credibility of witnesses, and in addition the court gave two instructions regarding the duties of the jurors to scrutinize with great care and caution the testimony of the complaining witness.

■ Finally it is argued that the evidence is insufficient to

support the verdict of guilty and in particular "there was no satisfactory evidence to show that it was appellant and not someone else who had intercourse with the complaining witness." The authorities cited in support of this contention relate to the rule of innocence where circumstantial evidence alone is relied upon to support a conviction. This is not a case of circumstantial evidence but to the contrary the record contains the direct testimony of the complaining witness which remained unshaken upon cross-examination. Also the testimony of the doctor, produced as a witness for appellant, who in a measure corroborated the complaining witness's testimony in that the doctor testified that a physical examination made shortly after the alleged offense occurred showed signs of probable recent contact.

The probation officer testified with reference to a conversation had with appellant after his arrest and in response to a question as to the possibility of the offense having occurred when appellant had been drinking, the appellant responded, "Well, I have been drinking pretty heavily, but I wouldn't say that I did and I wouldn't say that I didn't."

We have carefully examined the record and are satisfied that appellant, who was ably represented by counsel, had a fair trial and that the evidence clearly supports the verdict of guilty.

The judgment and order appealed from are affirmed.

Thompson, Acting P. J., and Tuttle, J., concurred.