[Crim. No. 4199.   Second Dist., Div. Two.   Mar. 8, 1948.]

THE PEOPLE, Respondent, v. ALBERT E. JEWETT, Appellant.

Philip S. Schutz for Appellant.

Fred N. Howser, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant was charged with two counts of violation of section 286 of the Penal Code and with two prior convictions of a felony. At first he denied the prior convictions but later admitted them. He was convicted on both counts of violating section 286, and appeals from the judgment of conviction and from the order denying his motion for a new trial. As grounds of appeal he specifies (1) insufficiency of the evidence to sustain the conviction by reason of the inherent improbability of the testimony of the complaining witness and the corroborating witnesses; (2) error in the admission of evidence of other similar offenses; (3) error in denying a continuance of the trial in order that he might secure other counsel.

1. *Sufficiency of the evidence.* Appellant and the complaining witness although not married to each other had been living together as husband and wife for more than four years prior to the commission of the offenses. The prosecuting witness testified that on the date specified in the first count she and appellant had been drinking a considerable amount of intoxicating liquor; appellant stated that he desired to engage in sexual intercourse but the complaining witness was not in the mood at that time; appellant then beat and kicked her, inflicting severe injuries on her, threw her on the bed and committed the act charged. She further testified that on the date named in the second count he again assaulted her and committed the act charged therein.

The prosecutrix was corroborated as to the first offense by the landlady of the apartment house in which she and appellant were residing. The landlady testified that she heard the commotion in the apartment, heard the blows struck and the vile language used by appellant, and heard the prosecuting witness screaming. The door of the apartment apparently was not locked, and the landlady opened it, looked in and saw appellant committing the act. The corroboration of the second charge was furnished by a maid in the apartment house who was cleaning an adjoining apartment when she heard the quarreling between the parties and heard the defendant swearing at the prosecutrix. She looked through a hole in the door between the apartment in which she was working and the apartment occupied by the prosecutrix and appellant and saw him throw the prosecutrix on the bed and commit the act charged. A few days after the second offense the prosecutrix was examined by a physician who testified that he found contusions all over her body, bruises and black marks on her breast and abdomen and around her anus. An examination of the anal area revealed a slight swelling and a very severe tenderness. This condition, the doctor said, could have been caused by the commission of the act charged against appellant.

The evidence of the prosecuting witness was sufficiently corroborated, but contends appellant, the evidence of both the prosecutrix and the landlady who witnessed the first act is inherently improbable in that they both testified that the act continued for an hour and a half. The landlady, after her first observation of the parties, retired to her own apartment and prayed. She then tried to find someone who would call the police. In the latter effort she seems to have been no more successful than in the former for no police officers arrived. She opened the door and looked in on the parties two or three times. Her testimony corroborated the evidence as to the time during which the act continued. Members of the jury are presumably persons of sufficient age and experience to evaluate testimony after having heard it from the mouths of the witnesses. They found nothing inherently improbable in it. The conclusion of the jury as indicated by the verdict will not be disturbed.

2. *Evidence of other offenses.* During the examination of the prosecuting witness she testified that on occasions other than those named in the information appellant had committed similar acts upon her. The admission of this evi-

dence is assigned as error. ██ In prosecutions for rape, incest and other lewd and licentious crimes evidence of similar acts committed by the defendant upon the same person who is named in the information or indictment is admissible to show the disposition of the defendant to commit the act charged and the probability of his having committed it. (*People* v. *Hall*, 25 Cal.App.2d 336, 339 [77 P.2d 244]; *People* v. *Troutman*, 187 Cal. 313, 318 [201 P. 928]; *People* v. *Foster*, 117 Cal.App. 439, 443 [4 P.2d 173]; *People* v. *Fuhrman*, 130 Cal.App. 267, 269 [19 P.2d 821]; *People* v. *Koller*, 142 Cal. 621, 625 [76 P. 500]; *People* v. *Christian*, 48 Cal.App. 646, 648 [192 P. 182]; *People* v. *Martinez*, 59 Cal.App. 121, 123 [210 P. 61]; *People* v. *Castro*, 133 Cal. 11, 12 [65 P. 13].) The cases cited by appellant (*People* v. *Huston*, 45 Cal.App.2d 596 [114 P.2d 607]; *People* v. *Wyett*, 49 Cal.App. 289 [193 P. 153]; *People* v. *Singh*, 121 Cal.App. 107 [8 P.2d 898]) are not pertinent since in each of the cases evidence was admitted as to similar crimes committed by the defendant upon persons other than the prosecuting witness. ██ There was no error in the admission of evidence of other crimes committed by appellant upon the prosecuting witness.

██ 3. *Alleged error in denying a continuance of the trial.* The record discloses that before the commencement of the trial there had been a disagreement between appellant and the two attorneys then representing him (not counsel appearing for him on the appeal) as to whether appellant should admit the prior convictions charged against him. Out of the presence of the jury the court was advised of the situation, but the trial nevertheless proceeded with both attorneys representing appellant. After the direct examination of the complaining witness had been concluded appellant stated to the court that he felt that he knew the action better than anyone else, that he felt capable of defending himself, and that he desired to handle his own defense, having had two years in law in Reno, Nevada. One of his counsel stated that appellant's statement to the court was the first intimation that he had had that appellant intended to take such a course, and that if he desired to represent himself it would be all right with them, the attorneys. After receiving some excellent advice from the court and a suggestion from the deputy district attorney that he probably would have a better defense if he retained his counsel, he persisted in his desire

to conduct his case in his own way. After a recess, during which the situation apparently was further discussed, the following colloquy took place out of the presence of the jury:

"THE COURT: Mr. Jewett, you announced to the Court that you want to present your own defense and have your attorneys excused. It is satisfactory to you to have Mr. McPherson to assist in the case in an advisory capacity?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: Very well. Mr. McPherson will remain as your attorney in an advisory capacity. The other counsel for the defendant, Mrs. Root, will be excused.

"MR. JOHNSTONE (Deputy District Attorney): Is that satisfactory to you that Mrs. Root be excused?

"THE DEFENDANT: Yes, your Honor, yes.

"MR. JOHNSTONE: And you have now decided that you want to represent yourself with what assistance—

"THE DEFENDANT: With the assistance of Mr. McPherson.

"MR. JOHNSTONE: All right. So stipulated."

Mr. McPherson remained with appellant as his advisor during the trial, and the transcript discloses that on several occasions he objected to questions on behalf of appellant. Appellant's cross-examination of witnesses was as thorough and complete as could be expected if it had been conducted by an attorney. He seemed well able to conduct his case and throughout the trial had the advice and at times the active participation of an attorney.

At no time was a motion made for a continuance in order that appellant could procure other counsel. At the beginning of the trial one of his attorneys stated that they were having a little difficulty and that she felt that in all fairness to the defendant counsel should ask that the case be continued until he could seek another attorney. Since there was no motion there was nothing upon which the court could rule.

An accused person may waive the right to counsel. (*In re Connor*, 16 Cal.2d 701, 706 [108 P.2d 10].) Since appellant showed a keenness of intellect in the cross-examination of witnesses he must be deemed to have had "an intelligent understanding of his acts," when he insisted on conducting his own defense. With one of his counsel sitting beside him to advise him as the trial proceeded he was not without competent legal assistance at all stages of the proceedings.

Moreover, appellant did not have an absolute and unlimited right to insist on a continuance. Even though the statement of appellant's attorney regarding the disagreement

between counsel and appellant could be construed as a motion for a continuance for the purpose of permitting appellant to obtain new counsel, the denial of the motion would not have been error in the circumstances then existing. (*People* v. *Shaw,* 46 Cal.App.2d 768, 774 [117 P.2d 34]; *People* v. *Russell,* 156 Cal. 450, 455 [105 P. 416]; *People* v. *Warren,* 130 Cal. 678, 681 [63 P. 87].)

The judgment and the order denying appellant's motion for a new trial are affirmed.

Moore P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 6, 1948.